## KLEINPETER v. McINNIS CHEVROLET, Inc.

### No. 1881.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1938.

Wm. G. Randolph, of Baton Rouge, for appellant.

Chas. W. Wilson, Jr., of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit instituted by a married lady who had obtained a judgment a mensa et thoro from her husband, and brought against McInnis Chevrolet, Inc., with a twofold purpose. She sets out in her petition that after the said judgment referred to had been obtained, her husband sold to the defendant, without legal right, a certain Chevrolet sedan automobile, 1934 model, which belonged to the community which had existed between them, and, believing that the said automobile was still in the possession of the said defendant who refuses without any good or legal cause to deliver it back to her, prays first for a judgment recognizing her as the true and lawful owner of the automobile, and as such entitled to its possession, and also for judgment for certain damages she complains having sustained by reason of having been deprived of its use. In the alternative, she alleges that in the event it should be found that the defendant is unable to deliver possession of the car to her in the same condition that it was when they obtained possession of it, the same was, and is still valued at $500, and that her undivided half interest therefore amounts to the sum of $250. Under the alternative plea, she prays that there be judgment in her favor in the sum of $250, and also for the same damages and expenses she alleges having incurred by reason of being deprived thereof.

To her petition, the defendant first filed an exception of no cause or right of action. In due time the exception came to be heard, and after submission the same was referred to the merits.

Under full reservation of its exception, the defendant then filed its answer placing at issue both the demand of plaintiff to be restored to the possession of the car, and also the demand under the alternative plea and prayer for plaintiff's one-half interest in the value of the automobile as her part and share in the community formerly existing between herself and her husband. The defendant denied having possession of the automobile as, it averred, that even at the time plaintiff had made an amicable demand upon it for the same, it had already sold it in the regular course of trade and in a bona fide manner. It admitted having purchased the automobile from plaintiff's husband, and then called the latter in warranty as its vendor.

Upon the call in warranty made on him, plaintiff's husband, Willie D. Kleinpeter, appeared in court and filed an answer in which he practically adopted the answer of McInnis Chevrolet, Inc., as his own. After trial of the case on the issues as thus made up under the pleadings, the district judge rendered judgment in which he specifically overruled the exception of no cause of action filed by the defendant McInnis Chevrolet, Inc., and awarded judgment in favor of the plaintiff on the merits, on her alternative demand, for the sum of $181. This amount consisted of the sum of $131 which the district judge held was one-half of the proven value of the automobile at the time it was purchased by the defendant, and the sum of $50 for an invasion of plaintiff's property rights. He also awarded the defendant McInnis Chevrolet, Inc., judgment on its call in warranty against Willie D. Kleinpeter for the same sum of $181. From that judgment the defendant McInnis Chevrolet, Inc., took the present appeal. No appearance has been made before this court by or on behalf of Willie D. Kleinpeter. Plaintiff has answered the appeal asking for an increase in the amount of the judgment rendered in her favor for the value of her interest in the automobile, from the sum of $131, to the sum of $212.50.

In this court, the defendant again urges its exception of no cause of action which was overruled in the court below. It is based on the proposition that a wife who is separated in property from her husband can not maintain an action to recover the alleged value of her half interest in the community property unless she makes an allegation to the effect that the community had been liquidated or that a demand for a liquidation had been made. The plaintiff counters this with a proposition that an allegation that the community has been liquidated or partitioned, or that a demand therefor has been made, is not necessary to support a suit by a wife to recover the property itself belonging to the community after a judgment of separation has been obtained.

█ We are of the opinion that on the first demand made in this suit, which may properly be styled one to recover the automobile itself as a community asset, the district judge was probably correct in referring the exception to the merits and in not passing on it on the face of the petition. On that demand plaintiff's petition did show a cause of action. However by his action in referring the exception to the merits and thereby making it necessary to bring before the Court facts involving what was in effect a legal proposition, he maintained the defendant's right to have its exception considered and passed on on the alternative demand. If, under the facts thus adduced, the original demand to be restored to possession of the automobile should pass out of the case, the exception would have to be considered as pleaded against the demand to recover an alleged half interest in the community. That, in our opinion, is exactly what happened, and we think that after the original demand had been disposed of adversely to the plaintiff's contention by undisputed testimony, and there remained only the demand for one-half the value of the automobile, the district judge was in error in overruling the exception of no cause of action as the petition contained no allegation whatever to the effect that the community formerly existing between plaintiff and her husband had been liquidated or partitioned or that demand therefor had been made.

Plaintiff and her husband had been married in 1928 and it is not disputed that the automobile involved in this litigation had been acquired more than two years after, during the existence of the community between them. The judgment of separation between them was rendered on January 14, 1937, and it was on March 18, 1937, that the husband sold it to the defendant McInnis Chevrolet, Inc., or rather traded it in for a new car, the trading value placed on it being the sum of $262. On March 29, 1937, the defendant sold the car after having made some repairs to it, to

another party for the sum of $325. This last transaction also involved a trade in of a second hand automobile valued at $87.50. The first knowledge that the defendant had that plaintiff claimed to be the owner of an undivided one-half interest in the automobile was obtained by a letter written to it by her counsel dated April 19, 1937, which was three weeks after it had been sold by it to a third party and gone out of its possession and control. Plaintiff ascertained some two weeks after the car had been traded in by her husband that the trade was with McInnis Chevrolet, Inc., and she thereupon called on the sales manager with the idea of finding out if it was still in its possession. Her own testimony shows that she was then informed that it had been sold again, so evidently at the time her attorney wrote the letter which we have referred to, to the defendant, she already had knowledge that the car was no longer in the possession of the defendant and that even then it was impossible for defendant to deliver the same to her. This knowledge therefore she was bound to have had on May 4, 1937, when she filed her suit making her principal demand that to recover the car as being community property. All of this serves to strengthen the fact that that was a demand which it was impossible for defendant to comply with even at the time it was first made, and that the real purpose and object of the suit is found in her alternative demand which is the one to recover judgment for one-half of the value of the automobile. As a matter of fact that is the form of the demand as treated by the district judge himself in passing on the exception of no cause of action and on the merits of the case, and finally that is the demand on which he awarded judgment in favor of the plaintiff.

Such being the nature of the demand as presently presented to the court, the question arises under the exception filed by the defendant whether the plaintiff's petition is sufficient to sustain her cause of action. Under the authority of Tomme v. Tomme, 174 La. 123, 139 So. 901, we find ourselves constrained to hold that it is insufficient. Not only does the plaintiff fail to allege that the community formerly existing between herself and her husband has been liquidated or partitioned or that demand therefor has been made, but on the contrary she specifically and affirmatively shows that there has been no settlement of that community, according to the allegation contained in paragraph seven of the petition. In the cited case, the plaintiff, a divorced wife, sued her husband on a money demand for $20,000, that being one-half of the value of the community property which she alleges he had concealed in the form of simulated and fraudulent sales, the total value of which she alleges to have been $40,000. As in this case, there had been an exception of no cause of action filed by the defendant which was referred to the merits, after which an answer was filed and the case tried on the merits. In disposing of the case however, the lower court, without passing on the merits, sustained the exception of no cause or right of action and dismissed the plaintiff's suit. The exception was based on the same ground as is the exception in this case. In affirming the judgment of the lower court, the Supreme Court stated [page 902]:

"This being a demand by a divorced wife against her former husband to obtain a money judgment against him for the alleged value of one-half interest in the community and not for recognition of her right of ownership to one-half interest in the property itself, and there being no allegation that the community has been liquidated and no demand for its liquidation, and no demand for a partition and settlement thereof, but a suit for the value of a one-half interest in the property, we must hold that the exception is well founded and was properly sustained."

The theory on which the court's decision is based is that the interest of the spouses in the community is residuary and that they only share in it, after its dissolution, to the extent of what remains after all of the debts due by it have been paid. "The law contemplates," states the court, "that there shall be a liquidation, a settlement of the community affairs after its dissolution, without which there is no way of ascertaining the net value thereof. Under no theory can it be said that the former husband owes his divorced wife anything unless a liquidation of the community shows some net amount remaining in his hands after the property is disposed of and the debts are paid."

The district judge in the case before us attempts to differentiate the cited case on the ground that the demand there was strictly for a money judgment for the

alleged value of the one-half interest in the community and not for recognition of plaintiff's right of ownership to that same interest in the property itself. That distinction might properly have been drawn if plaintiff's original demand in the case before us still existed. But as we have already pointed out it has passed out of the case, as held by the district judge himself, and we are now left solely with the alternative demand which we take to be one of the very same nature as is presented in the cited case.

We think that it is hardly necessary to mention that if because of the insufficiency of the petition in the cited case, plaintiff had failed to state a cause of action against her husband, that in the case before us the petition is equally deficient in stating a cause of action against a third party who certainly bears no relation as does the husband to the community existing between himself and his wife.

Finding ourselves unable to agree with the district judge in his disposition of the exception of no cause of action, and being of the opinion that the said exception should be sustained, it becomes necessary for us to reverse the judgment appealed from and to dismiss the plaintiff's suit.

For the reasons stated it is therefore ordered that the judgment appealed from be and the same is hereby set aside, annulled and reversed and it is now further ordered that there be judgment herein in favor of the defendant McInnis Chevrolet, Inc., and against the plaintiff Mrs. Margie Worthy Kleinpeter, sustaining the exception of no cause of action and dismissing the said plaintiff's suit at her costs.