### KLEINPETER v. KLEINPETER.
#### No. 2160.

Court of Appeal of Louisiana. First Circuit.
Nov. 9, 1940.

Blanche, Hebert & Wilson, of Baton Rouge, for appellant.

Dudley L. Weber, of Baton Rouge, for appellee.

LE' BLANC, Judge.

This is a proceeding instituted by the plaintiff, Mrs. Margie Worthy Kleinpeter, against her former husband, Willie D. Kleinpeter, from whom she is now divorced, seeking to obtain a judicial partition in kind or by licitation of the effects of the community of acquêts and gains formerly existing between them and for a liquidation of the said community and an accounting by the defendant for such sums of money as he may be found to owe her in a fair settlement. Plaintiff also asks that her attorney's fee of $100 for services rendered in this proceeding be paid out of the mass of the assets of the community.

Exceptions of res adjudicata and of no cause of action were presented to and overruled in the court below, and are not urged on appeal.

The defendant, in his answer, avers that plaintiff obtained more than her share of the community before an inventory had been taken in the original suit for separation instituted by her, and that the community is not indebted to her in any sum whatsoever. He admits the averments of an allegation in her petition to the effect that he had transferred a Chevrolet automobile which was community property to McInnis Chevrolet Company, Inc., in trade on another car, but avers that plaintiff had received more than her share of its value. He denies that plaintiff is entitled to recover the attorney's fee which she demands and avers further that when she separated from him she had $500 of his money, a check for $103, a deposit in her name in the Louisiana National Bank in the City of Baton Rouge in the sum of $100, which was community funds, and further that she used $90 of community funds also to pay for the burial of her mother. Defendant, evidently through inadvertence, alleges that these amounts total the sum of $893 and prays for judgment in reconvention against the plaintiff in the sum of $446.50, or one-half of the amount of the total as stated by him.

There was judgment in the lower court in favor of the plaintiff and against the defendant in the sum of $50.73 with legal interest from date of filing of this suit, February 6, 1939, and costs. Plaintiff appealed and defendant has answered the appeal praying that the judgment be amended by awarding him the sum demanded by him in reconvention, or, in the alternative, that the amount of the award in the judgment be reduced to the sum of $31.73.

The parties to this litigation were married June 20, 1928. The matrimonial venture proved unsuccessful and on September 2, 1936, the plaintiff herein filed a suit for separation against her husband on the ground of abandonment. The husband defended that suit and reconvened praying for a judgment in his favor, al-

leging acts of cruelty on the part of his wife. He obtained judgment on his demand and eventually there was a final decree of divorce granted.

In that suit there was an inventory of the community property taken in which are listed certain movables appraised at $585. There was no immovable property. The principal item of property is the Chevrolet automobile already referred to and which was appraised at $450. The other items listed consist of certain articles of bedroom and kitchen furniture and a radio. Both parties dispute the completeness and correctness of that inventory. Plaintiff contends that certain articles such as a heater, an electric fan, an electric clock and a table were omitted and that these are all in the possession of the defendant. Defendant on the other hand contends that in addition to the cash and check items already mentioned the following articles were also omitted: A living room and dining room set, a floor lamp, cedar chest, a lot of dishes and a lot of bedding. All of these articles he contends were taken by the plaintiff. There were also five head of cattle sold by the husband after the judgment of separation but it appears that the proceeds from this sale were properly accounted for.

Although the suit is primarily one for a partition of the community either in kind or by licitation, it appearing that all the property had been disposed of or taken by either one or the other of the parties, the suit really resolved itself into one of accounting and settlement between them.

■ The automobile which had been appraised at $450 in the inventory in the separation suit was traded in by the defendant and a trade value of $262 placed on it. The car had been the object of a lawsuit between the present plaintiff and the McInnis Chevrolet Company, Inc., to whom it was traded and in that suit the amount allowed was accepted as being the value of the car at that time. Kleinpeter v. McInnis Chevrolet Company, Inc., La.App., 183 So. 910. However, defendant in this case testifies that he had put some repairs on the car and this no doubt gave it some added value. Plaintiff seems to rely on the inventory value and her unsupported testimony that a certain Mr. Daigle had offered $475 for it, in order to prove a greater value. The inventory appears to have been made ex parte at the time of the suit for separation and

the value placed on the car therein must yield to the actual value which we believe was properly fixed by the trial judge at the sum of $300 as of the date of separation.

Plaintiff admits that she had in her possession certain articles belonging to the community but claims that some of these had been given to her by members of her family and one at least, the cedar chest, by her husband, before they were married. The district judge made the distinction between those which were gifts, and therefore her separate property, and those that belonged to the community. On the latter, he placed a value of $50 and his ruling as to these items does not appear to be questioned.

■ Regarding the claim that his wife had $500 which he had given her before they separated, it appears that what defendant was referring to was the proceeds from the sale of certain stock of the Standard Oil Company. The proof is, however, that the amount actually turned over to plaintiff was $340.33. His contention is that he gave this money to her so that she could enter Mayo Brothers Hospital in Rochester, Minn., for medical examination and treatment but that she did not go to the hospital, kept the money and had it in her possession at the time of the separation. Plaintiff testifies that after he gave her that money she decided not to go to the hospital, offered to return it to him but that he told her to keep it and that she spent it for herself and for the community. The evidence with regard to this item is by no means conclusive that plaintiff had this sum in her possession at the date of the separation, and the trial judge properly held that she was not called on to account for the same.

■ The item of $100 alleged to be an amount on deposit to the credit of plaintiff in The Louisiana National Bank and spent by her turned out to be actually the sum of $70 so deposited, but the testimony shows that it was absorbed by plaintiff in payment partly of fees to her attorney in the separation suit and the balance in alimony due her by her husband under the judgment of court. The district judge correctly refused to charge her with this item. It might be stated at this time that the rejection of this item forms the basis of defendant's answer to the appeal and as we agree with the ruling

of the trial judge, necessarily the demand for an amendment to the judgment will be rejected.

 The record discloses that on April 8, 1936, after the separation, plaintiff had in her possession and cashed a check for $100.53 which were funds of the community. This check had been turned over to her by her husband before they were separated. She contends that her husband made her a manual gift of this check but he strenuously denies that and insists that it was never intended that the amount was to be spent for any other purpose than for the benefit of the community. Having failed to support her contention of a manual gift plaintiff was properly made to account for this item in the judgment appealed from.

The record also shows that plaintiff used $90 of the money in her possession at the time of the separation for the purchase of a burial lot for her mother and she was also correctly charged with this amount by the district judge.

With regard to the articles plaintiff claims her husband kept after their separation, with what evidence he had before him, the district judge placed a value of $50 thereon. We see no reason to disagree with him in view of what testimony there is relating to the value of these articles.

The only other item about which there seems to be any dispute is the sum of $55 on deposit in plaintiff's name in the Bank in Baton Rouge and which was frozen with all the other assets of that bank when it was placed in liquidation. All that is shown is that there were two liquidating dividends paid and received by the defendant from this fund. The amounts of these dividends are not given and· as far as the record shows nothing more seems to be known about the fund itself. It cannot therefore be taken into consideration in the settlement here sought to be made.

As the attorney's fees now being demanded by the plaintiff were incurred long after the judgment of separation between the parties, it is clear that they cannot be recovered by her.

Taking into consideration the two items which the defendant has to account· for, to-wit: the automobile, valued at $300 and the articles kept by him valued at $50, making a total of $350, and adding the items with which the plaintiff is to be charged, to-wit: proceeds from check, $100.53, articles in her possession, $50, and amount spent for burial lot, $98, totalling $248.53, we find that the entire value of the community was $598.53. One-half of this amount is the sum of $299.26 to which each is entitled. The defendant having to account for the sum of $350 as against the plaintiff $248.53, judgment was properly rendered in favor of the plaintiff for the sum of $50.73. It is accordingly now ordered that the judgment appealed from be,.and the same is hereby, affirmed at the costs of the appellant.