## No. 11,414.

### HEIMS ABES AND WIFE VS. AARON DAVIS.

Donations between the spouses are revocable by mutual consent, and when revoked, the property returns to the estate of the donor freed from any claim of his heirs for their legitime, which might have attached to the property if the donation had not been revoked. Civil Code, Articles 1493, 1559; Scudder vs. Howe, 44 An. 1103.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

Abes and Wife vs. Davis.

*James Wilkinson* Attorney for Plaintiffs and Appellants:

The revocation by mutual consent of a donation restores the property to the donor and dissolves the original donation.   Scudder vs. Howe, 44 An. 1107.

Donations *propter nuptias* between the spouses are subject to this right of revocation by mutual consent.   Rev. C. C., Articles 1745, 1734, 1559, par. 4;  1740, 1749, 1564.

*A. J. Peters* for Defendant and Appellee.

The opinion of the court was delivered by

Miller, J.   The suit is to compel defendant to accept title and pay for property sold to him by plaintiff, Heims Abes.   The defence is the property was donated by plaintiff to his wife in their marriage contract;  that though this donation was afterward revoked, the property by the effect of the donation became and is now subject to any claims of the donor's children for their legitime.   The judgment of the lower court was in favor of defendant and plaintiff appeals.

Donations between the spouses are revocable.   When revoked the property returns to the donor free from any claims of his children for their legitime they might have if the donation was not revoked. In other words the property returns to the donor not by any new title, but simply because the donation is deemed never to have taken place.   It follows that the plaintiff, Abes, can sell and his vendee can acquire the property as freely as if the donation had never been made.   Civil Code, Articles 1749, 1559, par. 4;  Scudder vs. Howe, 44 An. 1103.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided, annulled and reversed, and that the defendant, Aaron Davis, be and he is hereby ordered to complete the sale of the property described in the petition, purchased by him from plaintiff, Heims Abes, and that he pay plaintiff the price therefor stipulated to be paid, to-wit:  nine thousand dollars, with legal interest from judicial demand, with costs of appeal and of the lower court.