(48 South. 988.)

No. 17,294.

RADOVICH et al. v. JENKINS et ux.

(March 15, 1909.)

1. FRAUDULENT CONVEYANCES (§ 281*)—SIMULATED SALE — RETENTION OF POSSESSION — PRESUMPTIONS.

Where the seller remains in possession by virtue of a reservation of the right of occupancy for life, the sale is presumed prima facie to be simulated. Rev. Civ. Code, art. 2480.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 800; Dec. Dig. § 281.*]

2. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY — RIGHTS OF HUSBAND — DONATIONS.

The husband can make no conveyance inter vivos of the immovables of the community, by a gratuitous title, unless it be for the establishment of the children of the marriage. Rev. Civ. Code, art. 2404.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 930; Dec. Dig. § 267.*]

3. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—RIGHTS OF PURCHASER.

The pretended purchaser in a sham sale has no standing to urge that the judgment of nullity should be restricted to the half interest of the wife in the property, especially when the administrator of the husband's succession had joined in the demand of nullity. A sham sale produces no legal effect.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 934; Dec. Dig. § 267.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Marie Classi Radovich against John C. Jenkins and wife. On death of Mrs. Radovich, her heirs were substituted. Judgment for plaintiffs, and defendants appeal. Affirmed.

E. A. O'Sullivan and Edward Paul Foley, for appellants. Richardson & Soulé and Francis Rivers Richardson, for appellees.

LAND, J. The plaintiff, as surviving widow of Vincent Radovich, instituted this suit to annul the sale of a certain lot of ground made by the deceased husband to the defendant Mrs. Jenkins in the year 1906. The petition alleges, in substance, that said lot was purchased during the marriage and was community property; that on June 14, 1906, the said Radovich made a pretended sale of the property to the said Mrs. Jenkins for the purported price of $1,500, represented by a note payable 10 years after date and stipulating 3 per cent. interest after maturity; that said pretended sale was a fraudulent simulation, for the purpose of depriving the plaintiff of her community rights in said property, and was in truth a disguised donation mortis causa.

Defendants for answer pleaded the general issue. The widow Radovich died, and her heirs were substituted as plaintiffs. The administrator of the succession of Vincent Radovich intervened, and joined the plaintiffs in the prosecution of the suit. There was judgment in favor of the plaintiffs, annulling the sale in question, and defendants have appealed.

Mrs. Marie Classi, widow, married Vincent Radovich in December, 1883. After living together a number of years, there was a voluntary separation, which continued until the death of Radovich in December, 1906.

At the date of the marriage Vincent Radovich appears to have owned some real estate, which in 1888 he sold to John Radovich, who in 1890 sold the same to A. M. Masich. On May 6, 1906, Masich sold a part of the property thus acquired, consisting of a lot 43.2 feet by 155.84 feet, to Vincent Radovich, for the price of $1,500, paid in cash.

On June 14, 1906, Vincent Radovich conveyed the same lot to Mrs. Augusta Jenkins, for the price of $1,500, represented by her note payable 10 years after date and bearing 3 per cent. per annum interest from maturity until paid, with the privilege of paying in

monthly installments of $10. The following stipulation appears in the act:

"The said vendor reserves the right of occupancy of one-half of said premises presently sold, being the half nearest Roman street, the said right of occupancy to be for the term of his life."

The building on the lot consisted of a double cottage, one tenement occupied by Vincent Radovich, and the other by Jenkins and wife, as tenants, at the rate of $10 per month.

After the death of Radovich, the note for $1,500 was not found among his papers, but was produced by Mrs. Jenkins in obedience to an order of the court. The note was payable to her own order, and by her indorsed. Mrs. Jenkins did not testify on the trial of the case. There is evidence tending to show that she had stated that the note was given to her by Vincent Radovich. All the other notes belonging to Radovich, as well as his money, amounting to $500, were deposited with a friend, who produced and deposited the same in the registry of the court.

"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale." Rev. Civ. Code, art. 2480.

As the vendor remained in possession under a reservation in the contract of sale, his title, call it what you may, excluded the possession of the vendee, and was more than a precarious title in the proper sense of the term. The Civil Code of 1838 says that:

"A title which excludes the ownership, such as a lease, is also called a precarious title." Article 3522, No. 27.

Even conceding that the right of occupancy reserved by the vendor is tantamount to a right of habitation embracing one of the cottages, such right differs from the usufruct only in degree. Article 2480 includes all cases where the seller retains possession under any kind of title, however precarious it may be. The reserved contract right to occupy an entire cottage during life is certainly superior to a precarious right of possession, revocable at the will of the vendee. The word "usufruct," as used in article 2480, embraces the right of habitation or occupancy reserved by the vendor, and under which he retains possession of the thing sold. This retention of possession, by reservation in the deed or by agreement with the vendee, creates a prima facie presumption of fraud, since such possession is inconsistent with the nature of the contract of sale, transferring, as it does, the ownership and possession of the property.

The act of sale is suspicious on its face. The property was sold on a credit of 10 years without interest. The price was the same in amount as the cash price paid by the vendor a month before. Less than a year afterwards the property was appraised at $3,000. The note given for the price was found in the possession of the purchaser shortly after the death of the vendor. The possession of the parties was the same before and after the sale. The purchaser declined to testify in her own behalf. The owner had parted from his wife, and his apparent motive was to deprive her of her community rights in the property. The purchaser has not attempted to prove that Radovich intended to make a donation of all his real estate. Such a donation would have been void, as the law declares that the husband can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, unless it be for the establishment of the children of the marriage. Rev. Civ. Code, art. 2404.

The conveyance in question was a pure simulation, and therefore without any legal effect. The pretended purchaser has no standing to urge that the judgment should be restricted to the undivided half interest of the wife, especially as the administrator of the succession of the husband has joined the

heirs of the wife in their demand of nullity. The property as a whole must be administered in the succession of the husband.

Judgment affirmed.