(49 South. 728.)

No. 17,648.

QUIRK v. SMITH.

(June 7, 1909.)

1. DONATIONS—RESCISSION BY CONSENT.

A donation inter vivos of real estate from a father to a daughter may be rescinded or modified at any time by the mutual consent of the parties.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

2. DONATIONS — RESCISSION — RIGHTS OF EXPECTANT HEIRS.

In such a case the return of the property cancels the donation, and the presumptive forced heirs of the parties have no standing to complain of the retrocession of the property.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by H. C. Quirk against H. C. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Cage, Baldwin & Crabites, for appellant. Hubert Marion Ansley and Samuel Alexander Montgomery, for appellee.

LAND, J. This is a suit to compel acceptance of title to certain real estate situated in the city of New Orleans. There is no dispute as to the facts. The defense is that the title tendered is defeasible, and therefore not good and merchantable.

H. C. Quirk acquired the property in 1893, and this title is not disputed. In 1896 H. C. Quirk donated the same property to his daughter, Miss Emily E. Quirk, one of his four children. Miss Quirk subsequently married George J. Stoutz. In 1907 the said donation was annulled, canceled, and rescinded by consent of the parties, and the property was reconveyed to the original donor, H. C. Quirk. It is admitted that Mrs. Stoutz has three children.

The contention of the defendant is that the donation made in 1896 was irrevocable, and could not be renounced by the donee or rescinded by the consent of parties.

Article 1468 of the Civil Code reads:

"A donation inter vivos (between living persons) is an act by which the donor divests himself at present and irrevocably of the thing given in favor of the donee who accepts it."

Article 1559 of the Civil Code reads:

"Donations inter vivos are liable to be revoked or dissolved on account of the following causes:

"(1) The ingratitude of the donee.

"(2) The nonfulfillment of the eventual conditions, which suspend their consummation.

"(3) The nonperformance of the conditions imposed on the donee.

"(4) The legal or conventional return."

The last clause refers to the right of return stipulated in favor of the donor in the act of donation itself. See articles 1534 and 1535, and Tessier v. Roussel, 41 La. Ann. 478, 6 South. 542, 824.

Neither the text of the Civil Code nor the case cited solves the question of the legal effect of a conventional rescission of a completely executed donation inter vivos.

On the other hand, plaintiff cites the following cases: In the Matter of the Mechanics' Society, 31 La. Ann. 634, 635; Scudder v. Howe, 44 La. Ann. 1103, 11 South. 824; Lavedan v. Jenkins, 47 La. Ann. 732, 17 South. 256.

In the first cited case the right of revocation or forfeiture was "specially reserved and stipulated in the act of donation itself."

In the Scudder Case a conventional rescission of a donation inter vivos was held to be legal and valid. Inter alia the court said:

"But the parties, donor and donee, have the authority to rescind or modify the donation by mutual consent."

In the Lavedan Case the donation was between the spouses, was revocable under the text of the Civil Code, and it was held to have been tacitly revoked by the husband, the donor, authorizing the wife, the donee, to sell the property. Referring to the Scudder Case, the court said:

"Our courts have held the return effaced the donation, and hence the heirs would have no action to reduce in respect to the property."

The best French commentators consider a donation inter vivos as a solemn contract, perfected by the formal acceptance of the donee, and irrevocable by the donor except for causes specified in the Code. A number of commentators contend that the donee may renounce a donation purely gratuitous by returning the property, with its fruits, without consulting the donor. The proposition that the donor and the donee may by mutual consent abrogate the donation whenever they deem proper seems to have been too plain for controversy. See Carpentier-Du Saint, Repertoire Du Droit Français, vol. 18, No. 466 et seq.

The return of the property to the donor restored the status quo, and "effaced the donation," as if it had never been in existence. The forced heirs of the donor and of the donee cannot complain of the exercise by their respective ancestors of their legal right to make and unmake contracts or to renounce donations and successions. Such heirs can assail only simulated contracts made in fraud of their succession rights. Civ. Code, art. 2239 as amended by Act No. 5, p. 12, of 1884. The donor's estate has not been diminished, and the donee took the property merely as an advance on her share in her father's future succession, and subject to collation on the demand of her coheirs. It cannot be postulated that the donee or her presumptive heirs will suffer loss by the renunciation of the defeasible title vested in her by the act of donation. Such considerations, however, cannot affect the legal title vested in the plaintiff by virtue of a lawful contract made with the original donee.

We find no error in the judgment appealed from, and it is affirmed, at the cost of the defendant and appellant.