139 So. 901

### TOMME v. TOMME.
No. 30942.

Feb. 1, 1932.

Atkins & Meadors, of Homer, for appellant.

Bertram F. Barnette and Goff & Goff, all of Arcadia, for appellee.

ODOM, J.

Mrs. Tomme sued her husband for divorce on April 12, 1924, and on May 19 following her suit was dismissed on exception of no cause of action.

On May 19, she filed a second suit for divorce in which her husband reconvened praying for judgment against her for absolute divorce, and on February 26, 1925, there was judgment in favor of the husband on his reconventional demand as prayed for. But the judgment made no provision for a settlement of the community which had existed between plaintiff and defendant.

The present suit, which was filed by Mrs. Tomme in May, 1928, more than three years after the judgment of divorce was rendered, is for a money judgment against her former husband for one-half the alleged value "of all the property belonging to the community existing between petitioner and said E. L. Tomme * * * at the time the aforesaid suits were instituted (the suits which she filed for divorce) and at the time of the decree granting to her husband a divorce."

She prays for judgment in her favor and against her former husband "in the full sum of twenty thousand ($20,000.00) dollars, with 5% per annum interest thereon from February 26, 1925 (this being the date on which the divorce decree was signed) * * * and for all orders necessary, general relief, etc."

There is no allegation in the petition that the community affairs have been settled or liquidated, and nothing to show that the community was or was not free from debt at the time it was dissolved, and no statement or description of the property which she alleges was worth $40,000. She does not ask for a partition of the property, nor does she pray that the community be liquidated.

She alleges in paragraph 13 of her petition that defendant "has concealed all of the real estate and part of the other property belonging to said community in the form of *simulated and fraudulent sales* and particularly to his father and mother for the purpose of defrauding your petitioner of her rights in said community and that said simulated and fraudulent sales were as follows." (Italics ours.)

She then sets out that on April 7, 1924 (this was five days before she filed her first suit), defendant sold to his father his entire interest "in the Mill Creek Lumber Co." for $3,-000 cash, as per deed recorded in Conveyance

Book 76, page 354, of the records of Bienville parish. And that on May 19, 1924 (the day she filed her second suit and nine months before the divorce decree was granted), he sold to his mother "his residence and lot in the town of Ringgold, Bienville Parish, Louisiana," as per deed recorded in Conveyance Book 76, page 474, of the records of said parish. She does not state the value of this property or the consideration for which it was sold.

The defendant filed exception of no cause or right of action which was referred to the merits. He then answered and the case was heard on the merits. Finally, the lower court, without passing upon the merits, sustained the exception of no cause or right of action and dismissed the suit.

Plaintiff appealed.

■ 1. This being a demand by a divorced wife against her former husband to obtain a money judgment against him for the alleged value of one-half interest in the community and not for recognition of her right of ownership to one-half interest in the property itself, and there being no allegation that the community has been liquidated and no demand for its liquidation, and no demand for a partition and settlement thereof, but a suit for the value of a one-half interest in the property, we must hold that the exception is well founded and was properly sustained.

"Every marriage contracted in this State, superinduces of right partnership or community of acquêts or gains, if there be no stipulation to the contrary." Civ. Code, art. 2399.

The husband is head and master of this community, administers its effects, and may alienate them without her consent. Civ. Code, art. 2404.

The debts contracted during the marriage enter into this partnership or community of gains and must be acquitted out of the common fund. Civ. Code, art. 2403.

The spouses have only a residuum or residuary interest in this community. The debts must first be paid, and if, at its dissolution, anything remains, they share it equally. Civ. Code, art. 2406. If nothing remains after the debts are paid, neither gets anything. It follows therefore that the question whether either spouse gets anything after the community is dissolved depends upon whether the community is solvent or insolvent.

■ 2. The husband, being head and master of the community, is presumed to be in possession of its effects during its existence, and at its dissolution, and he may retain and use the property in order to pay the community debts. Rusk, Adm'r v. Warren, 25 La. Ann. 314.

■ After the dissolution of the community by death of one of the spouses or by judgment, it still has a fictitious existence "for the purposes of liquidation and settlement of community debts." Succession of Blanche Dumestre, 42 La. Ann. 411, 7 So. 624.

■ But neither the spouses nor the heirs have anything to claim out of the acquêts and gains "until all the debts are paid or liquidated." Lawson v. Ripley, 17 La. 238; Suc. of McLean, 12 La. Ann. 222; Hart, Heirs v. Foley, 1 Rob. 378.

■ The law contemplates that there shall be a liquidation, a settlement of the community affairs after its dissolution, without

which there is no way of ascertaining the net value thereof. Under no theory can it be said that the former husband owes his divorced wife anything unless a liquidation of the community shows some net amount remaining in his hands after the property is disposed of and the debts are paid.

In Bartoli v. Verginie Huguenard, his Wife, 39 La. Ann. 411, 417, 2 So. 196, 198, 6 So. 30, the court said:

"Although the distinct interest of the wife or her representatives attach at the dissolution of the marriage, subject to the right to renounce, they can claim nothing until debts are paid. They can not sue for half the price of any specific property acquired during the marriage, where the liquidation of the community does not show any gains to be divided," citing Hart v. Foley, 1 Rob. 378; Thompson v. Lodbell, 7 Rob. 378 and Depas v. Riez, 2 La. Ann. 30. See, also, Suc. of Thomas, 12 Rob. 215.

■ 3. At the dissolution of the community, the effects which compose the partnership or community of gains are divided into two equal portions between the husband and wife or their heirs. Civ. Code, art. 2406. When the community is dissolved, the respective interests of the husband and wife or their heirs attaches at the moment of its dissolution to the property of the community, subject to the payment of the debts. Succession of Blanche Dumestre, supra. Tugwell v. Tugwell, 32 La.

Ann. 848; Ramsey et al. v. Beck et al., 151 La. 190, 91 So. 674.

■ When the community is dissolved by judgment as in this case, the spouses each get, not half the value of the effects, but each a one-half interest in the effects themselves, which may be divided, partitioned, and it is settled jurisprudence that where the former husband remains in possession of the community property, the wife or her heirs may sue for her share of the property before the community has been liquidated and without alleging that it is insolvent. Tugwell v. Tugwell, supra; Glasscock v. Clark, 33 La. Ann. 584; Heirs of Murphy v. Jurey & Gillis, 39 La. Ann. 785, 2 So. 575; Suc. of Dumestre, supra; Verrier v. Loris, 48 La. 717, 19 So. 677; Levy et al. v. Robson, 112 La. 398, 36 So. 472.

This is for the reason that if she gets the property itself she takes it subject to the debts.

But the wife in the case at bar is not suing for her share of the community property, but for one-half its value.

4. She alleges that her husband, prior to the dissolution of the community, made simulated sales of some of the property to defraud her.

■ If so, she has her remedy. A sham sale has no legal effect. She may have them set aside and obtain her interest in the property. Radovich et al. v. Jenkins et ux., 123 La. 355, 48 So. 988; Belden v. Hanlon, 32 La. Ann. 85.

The judgment appealed from is affirmed.