HAMITER, Justice.
 

 John B. Atkins and Mrs Katherine Adger Atkins, who are husband and wife, and the Commercial National Bank in Shreveport, instituted this suit to enforce specific performance of a contract in which the defendants, Ben T. Johnston and Jack T. Moore, agreed to purchase certain real estate.
 

 By an instrument dated December 29, 1944, the said Mr. and Mrs. Atkins created the John B. Atkins Foundation, a charitable trust, designating the Commercial National Bank in Shreveport the trustee thereof. And to the Foundation they donated 266 lots in Forest Glen Subdivision which is located in Caddo Parish.
 

 In a written contract executed on September 6, 1946, Atkins, his wife, and the Commercial National Bank in Shreveport, as Trustee of the Foundation, agreed to sell and Ben T. Johnston and Jack T. Moore obligated themselves to purchase (subject to delivery of a valid title) 657 lots in the mentioned Forest Glen Subdivision, including the 266 lots previously donated by the Atkinses to the John B. Atkins Foundation. The total consideration for the sale was declared in the contract to be $38,750, payable $1000 cash, $7750 (evidenced by a
 
 *461
 
 note) on execution of formal deed, and $30,000 thereafter in semi-annual installments.
 

 On December 10, 1946, all of the named vendors signed a deed to the property, which had been prepared in accordance with the terms of the contract and contained a warranty of title provision, and tendered it to the vendees. The latter acknowledged the tender in writing but refused to accept the deed, they having been advised by their attorneys that the vendors could not deliver an indefeasible title to the 266 lots donated to the John B. Atkins Foundation.
 

 This suit for specific performance followed. Defendants, in answer to the petition, averred that the title tendered to the mentioned 266 lots is invalid and unmerchantable for the reasons: (1) The Trustee of John B. Atkins Foundation has no authority to sell the real estate; and (2) the property donated to the Foundation is subject to an action by the forced heirs of the donors to reduce the donation if .at the time of the donors’ death it be determined that the donation exceeds the disposable portion of the donors’ estate. They prayed that the demands of plaintiffs be rejected, and further that there be judgment in reconvention for the return of the $1000 cash payment and the note of $7750 delivered to plaintiffs at the time of the signing of the original contract.
 

 The judgment of the district court rejected the demands of plaintiffs; it did not mention, however, the reconventional demands of defendants.-
 

 Plaintiffs appealed, and the defendants answered the appeal, praying that the judgment be amended so as to grant their reconventional demands.
 

 Obviously there is no merit to the first objection that the Trustee has no authority to sell the . real estate. John B. Atkins and his wife, who alone established the John B. Atkins Foundation, are parties to the deed tendered to the defendants; and, if the trust instrument failed to authorize the Trustee to make the sale, authority is impliedly given by and through their concurrence in transferring the property.
 

 Appellees’ other objection to accepting title is based on Civil Code, Article 1517, reading:
 

 “The action of reduction or revendication may be brought by the heirs against third persons holding the immovable property, which has been alienated by 'the donee, in the same manner and order that it may be brought against the donee himself, but after discussion of the property of -the donee.”
 

 This codal provision grants to forced heirs a right of action against third persons holding immovable property that has been the subject of a donation in excess of the disposable portion. And regarding the grant this court appropriately remarked in
 
 *463
 
 Tessier v. Roussel, 41 La.Ann. 474, 6 So. 542, 543, that:
 

 “The law of Louisiana, while recognizing the right of every man to deal with his property as he chooses so far as onerous dispositions are concerned, places certain restrictions on the power of gratuitous disposition which cannot be disregarded. So far as gratuitous dispositions are concerned, the law divides the estate of every person into two parts,—of which one is called the ‘disposable’ portion, of which he may dispose gratuitously, according to his pleasure; the other is called the ‘reserve’ or ‘forced portion,’ of which he is not permitted to dispose gratuitously to the prejudice of his legitimate descendants or ascendants, to whom the law reserves it, and forces the person to leave it, and who are, therefore, called ‘forced heirs.’ ”
 

 It was held in Scudder v. Howe, 44 La.Ann. 1103, 11 So. 824, 825, however, that a donation, although irrevocable in nature, is revoked by a conventional act of revocation executed by the donor and donee resulting in the property’s being returned to the donor’s estate free of any possible future claims by forced heirs, just as if the donation had never occurred; and, further, that a subsequent sale by the donor of .the same property is in no manner affected by the revoked donation, even when the proceeds of the sale are given to the same donee. In the Scudder case plaintiff sued to compel defendant to accept a tender of title to property that had been the subject of a donation to a charitable institution. The original donor had reacquired the property, through and by a conventional revocation of the donation, and thereafter sold it to a third person, delivering the proceeds of the sale to the original donee, the charitable institution. In support of its holding, referred to above, the court commented :
 

 “But the parties, donor and donee, have the authority to rescind or modify the donation by mutual consent. * * *
 

 “The forced heirs are, and will always be, without interest to assail the donation revoked.
 

 “It is no concern of theirs, in law, that their mother has revoked the donation.”
 

 The doctrine enunciated in Scudder v. Howe, supra, was approved and followed in Abes v. Davis, 46 La.Ann. 818, 15. So. 178, in Quirk v. Smith, 124 La. 11, 49 So. 728, and in the more recent case of Derby v. De Saix Corporation, 201 La. 1060, 10 So.2d 896.
 

 But there is no particular form prescribed for the revocation of a donation. The revocation need not be by a formal conventional instrument; it may be tacit, deducible from acts of the donor and donee manifesting an intention to revoke. Succession of Hale, 26 La.Ann. 195; Lavedan v. Jenkins, 47 La.Ann. 725, 17 So. 256.
 

 If, in the instant case, Atkins and his wife, as donors, and the Trustee of the John B. Atkins Foundation, as donee, had
 
 *465
 
 executed a formal act of revocation, indisputably, under the established jurisprudence of this state, a deed from the Atkinses to appellees would transfer an indefeasible title. This being true, it appears to us that the donors’ joining with the donee in the signing of the warranty deed tendered to appellees (an act manifesting an intention of revoking the donation), as was done here, results in a tacit revocation, just as effective as one expressly confected, and furnishes a title equally as good and valid.
 

 Should the Atkinses, following the transfer of title, be the recipients of and retain all of the proceeds of the sale the rights of their heirs would not and could not be prejudiced to any extent. Should, on the other hand, such proceeds be given to the John B. Atkins Foundation it would be the sum donated which lessens the estate of the donors, not the property sold; and that sum alone could be subject to the heirs’ future rights. Scudder v. Howe, supra.
 

 The significance of the donors’ joining with the donee in executing the act of sale of the donated property is well illustrated in Derby v. De Saix Corporation, supra. Therein, as here, suit was instituted to enforce specific performance of a contract to purchase. The land involved had been donated by Colonel Derby to a trust established by him for his children. Following the donation the property was sold to the Anti-Tuberculosis League, with the donor and trustees joining in the act of sale, and the proceeds were devoted to the trust purpose. In approving the title tendered, we said [201 La. 1060, 10 So.2d 897]:
 

 “ * * * In that connection it must be remembered that Colonel Derby and his wife signed the act of sale to the Anti-Tuberculosis League. The trustees, in signing the deed, acted as the agents for Colonel Derby, and were merely fulfilling the obligations of the trust which he had imposed upon them, to sell his interest in the property to the Anti-Tuberculosis League, and to administer the price or proceeds of the sale for the benefit of his three sons and daughter. His interest in the property did not pass from him to the trustees and from them to the Anti-Tuberculosis League, but passed directly from him to the Anti-Tuberculosis League, not by virtue of a donation but by virtue of a sale by Colonel Derby to the Anti-Tuberculosis League. * * * ”
 

 True, in the Derby case the instrument creating the trust stipulated that if the negotiations then pending with the Anti-Tuberculosis League “ * * * should result in the League’s consenting to buy the land at the price stated the trustees were instructed by Colonel Derby to join in the sale to the League, and thereafter to administer the proceeds of the salé for the benefit of Colonel Derby’s four children.” But that circumstance seemingly was not all important to a decision of the case, for immediately after making the observations quoted above the author of the opinion said: “In this aspect of the transaction the
 
 *467
 
 case is like Scudder v. Howe * * The Scudder case, analyzed and discussed supra, furnished no circumstance of that kind.
 

 It is our opinion, therefore, that the appellees herein, on accepting the tendered deed executed by the donors and donee, will be fully protected against an action of revendication or reduction by the forced heirs of the donors claiming that the donation exceeded the disposable portion.
 

 The case of Tessier v. Roussel, supra, cited by counsel for appellees, as well as its sequel Guidry v. Caire, 181 La. 895, 160 So. 622, is not decisive of this action. Therein it does not appear that the donor and donee performed any act evidencing a complete revocation of the donation.
 

 For the reasons assigned the judgment of the district court is reversed and set aside, and there is now judgment in favor of plaintiffs, John B. Atkins, Mrs. Katherine Adger Atkins, and Commercial National Bank in Shreveport, condemning the defendants, Ben T. Johnston and Jack T. Moore, to comply with the terms and conditions of their agreement to purchase the property involved in this suit and to accept title thereto tendered them by the plaintiffs. There is further judgment rejecting the reconventional demands of defendants and ordering that they pay all costs of the suit in both courts.
 

 O’NIELL, C. J., and McCALEB, J., dissent.