McCALEB, Justice
 

 (dissenting).
 

 I do not subscribe to the view that a donation inter vivos of real property may be revoked by implication nor can I agree that “the donors’ joining with the donee in the signing of the warranty deed tendered to appellees * * * results in a tacit revocation * * * ” of the donation to John B. Atkins Foundation and that, therefore, the title tendered is not assailable by the forced heirs of the donors under Article 1517 of the Civil Code in the event the donation should hereafter be found to exceed the disposable portion.
 

 A perusal of the provisions of the Code dealing with donations inter vivos will disclose that these donations, except in the case of gifts between husband and wife under Article 1749,
 
 [1]
 
 are fundamentally not susceptible of revocation by implication. A donation inter vivos is defined by Article 1468 as “an act by which the donor divests himself,
 
 at present and irrevocably,
 
 of the thing given, in favor of the donee who accepts it.” The particular part of the Code which treats of donations inter vivos is Chapter 5 of Title II of Book III. This Chapter is composed of three sections; Section 1, Articles 1523-1535, which contains general dispositions; Section 2, Arti
 
 *469
 
 cíes 1536-1558, which deals with the form of such donations and Section 3, Articles 1559-1569, which sets forth the exceptions to the rule respecting the irrevocability of donations inter vivos.
 

 It is manifest from the definition of the donation inter vivos, Article 1468, that it is generally regarded as irrevocable insofar as the donor is concerned. And Article 1536 makes it essential to the validity of every donation of immovable property that it be by an authentic fact. Consequently, it might be argued with considerable force that*a revocation of such a donation must be in the same form as it involves a re-transfer of the real estate to the donor. At all events, since revocation entails the transfer of an immovable, it must be in writing. See Article 2275.
 

 The four causes for which donations inter vivos may be revoked or dissolved are set forth in Article 1559. The first three of these grant to the donor the right to revoke for (1) ingratitude of the donee, (2) non-fulfillment of conditions suspending consummation of the donation and (3) nonperformance by the donee of conditions imposed upon him. The fourth cause for revocation is the only one which could be applicable to this case. It is stated in Article 1559 to be “4. The legal or conventional return.” The legal return, as I understand it, occurs, when the donation is revoked by operation of law, such as where it exceeds the disposable portion of the donor’s estate and is either fictitiously added to his succession property at the time of his demise, as provided by Article 1505, or is revendicated as the result of an action brought by the forced heirs under Article 1517. The conventional return, on the other hand, speaks for itself. It envisions a recission of the donation by act of both parties and has the effect of restoring the property donated to the donor in its integrity.
 

 The cases cited in the majority opinion do not, in my view, sustain the conclusion reached. Surely, it cannot he said that the decision in Scudder v. Howe, 44 La.Ann. 1103, 11 So. 824, is authority for the holding that a donation inter vivos of immovable property may be rescinded by implication — for, in that matter, there ivas a conventional recission of the donation by mutual consent of the donor and donee and title to the real estate actually revested in the donor. In truth, it takes no more than a reading of the illuminating concurrence of Justice Fenner (see pages 1110 and 1111 of 44 La.Ann., pages 826 and 827 of 11 So.) to become aware of the necessity of the revesting of title to the real estate in the donor by express agreement in order for the property to be freed from the action of revendication granted to forced heirs by Article 1517.
 

 The other cases cited by the majority in support of the finding that tacit revocations of donations inter vivos of real estate are permissible, with the exception of Derby v. De Saix Corporation, 201 La. 1060, 10 So.2d 896, and Quirk v. Smith, 124 La. 11,
 
 *471
 
 49 So. 728, involved donations between married persons which were formerly subject to revocation by the donor at any time during marriage under Article 1749. Those cases are clearly inapposite to the situation in the case at bar.
 

 Successsion of Hale, 26 La.Ann. 195, concerned a manual gift of money by the husband to the wife. It was contended by counsel for the executrix that Article 1749 applied only to donations by public act and not to manual gifts which require no formalities for delivery. This proposition was refused.
 

 Abes v. Davis, 46 La.Ann. 818, 15 So. 178, was a suit for specific performance, the defense being that the property was donated by plaintiff to his wife in their marriage contract and that, though this donation had been revoked, the property, by reason of the donation, became subject to a claim of the donor’s children for their legitime. The court held (1) that donations between the spouses are revocable and (2) that, when revoked, the property returns to the donor free of any claims of the children for their legitime.
 

 Lavedan v. Jenkins, 47 La.Ann. 725, 17 So. 256, posed the same question presented in Abes v. Davis, i. e., revocation of a donation between husband and wife, with one important exception. In the Lavedan case, the question arose as to whether the authorization of the husband in the sale by the wife of the donated property constituted a revocation of the donation. A majority of the court (three to two, Nichols, C. J. and Watkins, J. dissenting)' found that, since the husband had the right to revoke the donation at any time, the wife’s ownership was merely nominal and that, when he authorized her to sell the property, it was an act inconsistent with the donation, constituting a revocation.
 

 The basic reason for the conclusion in the Lavedan case and other cases involving donations between married persons is that Article 1749 vested the donor with the right of revocation which must be considered to be exercised at any time he performs an act inconsistent with the maintenance of the donation. But that doctrine is not appropriate in the instant matter as, here, Atkins and wife have no right to revoke the donation and there is nothing contained in the act of sale tendered by plaintiffs h> defendants to indicate that the donee, Atkins Foundation, is attempting to rescind it.
 

 Quirk v. Smith, supra, offers little comfort to the majority. That was a suit for specific performance which was defended on the ground that the title was not merchantable. The facts showed that plaintiff acquired the property in 1893. In 1896 he donated it to one of his daughters. However, after her marriage, the donation was cancelled by consent of the parties and the property was reconveyed to plaintiff. The contention of the defendant was that the donation made in 1896 was irrevocable and that it could not be renounced or rescinded, even by consent of the parties, as the act
 
 *473
 
 of rescission was, in effect, a donation by-plaintiff’s daughter to plaintiff and thus might be held to impair the rights of her children. The court rejected this contention, holding that, under Article 1559 of the Civil Code, Scudder v. Howe and other authorities, a donation inter vivos may be rescinded by mutual consent of the parties.
 

 I cannot perceive that Derby v. De Saix Corporation, supra, supports the holding in this matter. There, the donation of real estate was subject to certain negotiations between the donor and the Anti-Tuberculosis League. It was provided in the act of donation that, if an agreement to purchase was confected, the trustees would be required to transfer the property to the League and the proceeds of the sale would be administered for the benefit of the donor’s three sons and daughters. In other words, the donation of the real estate was .to become effective only in the event the Anti-Tuberculosis League did not buy the property and the court correctly held that the donor’s interest in the property “did not pass from him to the trustees” as the trustees “in signing the deed, acted as the .agents for Colonel Derby and were merely fulfilling the obligations of the trust which he had imposed upon them * *
 

 Aside from my belief that a revocation of .a donation inter vivos of real property must be expressed in writing in order to revest title of the property in the donor, I am also impelled to take issue with the deduction that “the donors joining with the donee in the signing of the warranty deed tendered to appellees * * * results in a tacit revocation * * The deed tendered by plaintiffs to defendants shows that Mr. and Mrs. Atkins and the trustee of John B. Atkins Foundation are offering to deliver 657 lots in. Forest Glen Subdivision and that Mr. and Mrs. Atkins unconditionally warrant title to all of the property to be conveyed, whereas, the trustee of the Foundation warrants title only against its own acts and encumbrances. This does not indicate to me that the Atkins Foundation is impliedly revoking the donation. Conversely, it strikes me that the unconditional warranty by Mr. and Mrs. Atkins of title to the donated property, as well as their own property, might be considered as an act confirming their donation — forsooth, an act in recognition of the trustee’s authority to sell the lots. In this connection, it is to be noted that the majority have decided that the donors’ joinder in the deed with the Atkins Foundation provided a sufficient answer to. defendants’ other contention that the act of donation did not vest in the Foundation the right to sell the lots. Thus, the paradox resulting from the effect given the joinder of Mr. and Mrs. Atkins in the deed comes to light for, in answer to defendants’ first contention concerning the trustees’ authority.to sell, the joinder of the donors is said to operate as a confirmation of its authority, whereas, on their second contention, this same joinder is the premise upon which the conclusion of tacit revocation of the donation is founded.
 

 
 *475
 
 Bearing in mind that this was not a donation between married persons under Article 1749 of the Code, it is-necessary under Article 1559 and the jurisprudence, Scudder v. Howe, supra, and Quirk v. Smith, supra, that the donor and donee evince an intention (even under the theory that q tacit revocation is permissible) to rescind the donation. Here, I find nothing in the act tendered to defendants which connotes that the Atkins Foundation has relinquished its ownership to the 266 lots and that title thereto has been reinstated in the donors.
 

 I respectfully dissent.
 

 [1]
 

 This article was repealed by Act No. 187 of 1942. That law provides that donations between married persons shall be irrevocable as fully and to the same extent as they may be to strangers unless the donation is by notarial act and the donor reserves the right of revocation by express stipulation therein.