ELLIS-, Judge.
This suit to set aside a certain deed was instituted by the surviving widow in community and the forced heirs of Henry J. Jones, who died on May 8, 1954, The deed attacked was executed on August 10, 1950, by Henry J. Jones, deceased, and his wife, a plaintiff in the instant case, and purported to convtey. to the defendant 11 acres of land and the improvements thereon. The consideration recited in the deed was $110 in cash, and the further consideration that both Henry J. Jones and his wife “shall be permitted and allowed to live and reside on the above described property the remainder of their lives without paying any rent therefor.”
The lower court rendered judgment dismissing plaintiffs’ suit, from which judgment they have appealed.
The only grounds for attacking the deed which have. survived the appeal are, first, that the deed in question represents a simulated sale, no money or price being paid as consideration, and, in the alternative, secondly, that there was lesion beyond moiety and that even if the $110 cash consideration was paid, the property was worth at the time of the sale greatly in excess thereof.
Deciding against the action en déclaration de simulation, the learned trial judge quoted the definition of simulation from Black’s Law Dictionary, and concluded that in order to formulate a pure simulation there must'be two or more persons engaging; in the pretense oí deceit and that1 its purpose is to defraud the- creditors or forced heirs or some other interested person. -He-also stated that if the allegedly simulated contract was not made for the purpose of-: depriving the forced heir of his inheritance,, he cannot invoke the provisions of Article 2-239 in Order to annul it, and cited Quirk v. Smith, 124 La. 11, 49 So. 728; Romero v. Romero, 135 La. 274, 65 So. 263; Walton v. Walton, 156 La. 611, 100 So. 786. However, on the facts, this question o£ whether, or not fraud is a usually necessary ingredient of simulation is not before: the court.
Henry J. Jones and his wife were-given the right to reside on the land sold, for as long as they might live by stipulation in the deed. Very similar facts were-presented by the case of Radovich v. Jenkins, 123 La. 355, 48 So. 988. That case-stands for the proposition that when the-seller remains in possession by virtue of a-, reservation, of the right of occupancy for life, the sale . is' presumed prima facie to-be simulated. LSA-C.C. Article 2480, cited-, as authority therein, reads as follows:
“In all cases, where > the thing sold remains in the possession of the seller, because he- has. reserved to himself the usufruct, or retained possession by a precarious title, there is reason to« presume that the sale is simulated, and with respect to third persons, the-parties must produce proof that they are acting in good faith, and establish the reality of the sale.”
It is well'to note, at this pointy that forced heirs are to be viewed as “third persons”- when they' are attacking an act made by those from whom they inherit, on-the grounds of simulation. LSA-C.C. 2239. Slack v. Dunn, La.App., 5 So.2d 164; Louis v. Richard, 12 La.Ann. 684; Guilbeau v. Thibodeau, 30 La.Ann. 1099; Scott v. Briscoe, 37 La.Ann. 178. Thus, on the facts presented, a 'presumption' of simulations arises which must be rebutted by the de- *183 rfendant.if he is to be successful in. ug-_holding, the, transaction attacked. In. th.e testimony the defendant testified that he bought the property in. question, but-,-thereafter, testified-that. he. does not have a receipt for the $110 recited as paid in the deed. This witness never -'testified that he actually paid the $110. However, this testimony plus-'the recital .of payment in‘the deed is the extent of the' defendant’s rebuttal of the presumption of simulation which appears in the record. This self--serving testimony plus the mere recital of •payment in the deed is insufficient to constitute an effective rebuttal of the legal presumption of simulation which arises on 'the facts presented in this case.
This Court has no other choice than to ■find that the conveyance in question was a -pure simulation, and therefore without any legal effect.
Had the defendant advanced a .-successful rebuttal of the legal presumption -of simulation, his cause would have been further jeopardized by the plaintiff’s second .ground of attack. The record shows that the trial judge considered the testimony of Mr. Guy Cox, a land and timber expert and -qualified as such, concerning the value of ■the tract in question to be of no value. The Judge found that since he did not run -the corners of the place he did not know which section of land he was on. Mr. Cox testified that he went out to the tract with -the attorney; that the tract was identified to him as “Aunt Sally’s place”; that Aunt Sally was there with a servant, and that the tract included about 10 or 11 acres of which 3 to 5 acres on the west side was in timber and the rest in farm land.
There is no doubt that Cox was on the tract of land in question and his testimony should have been given full effect. His -testimony sets the value of the land and improvements at $770. In addition the plaintiffs have introduced a deed by which 'the defendant has attempted to transfer the property in question to a third person. In -.this deed the consideration recited is $1,000. It therefore appears that the cash consideration recited in the deed, which was '.not increased by proof of; the valué, of the occupancy of the tract, was not of sufficient ■ value to defeat an attack on the deed .on .the ground of- lesion beyond moiety. ‘ '
We rest this decision ' on' the grounds that the sale in question is. simulated and it is therefore ordered that the judgment of the District Court be reversed and there now be judgment in favor of the plaintiffs and against the defendants as’prayed for.