PRICE, Judge.
The sheriff of Red River Parish brought this concursus proceeding to resolve a dispute between William L. Hunter, Jr., and his former wife, Sandra Hunter Braswell, over proper distribution of the residual proceeds from a sheriff’s sale of property belonging to the community formerly existing between those parties.
Mrs. Braswell, in answer to the concur-sus, alleged that one-half of the $15,747.57 amount deposited by the sheriff should be paid to her for her undivided one-half interest in the property. She also alleged her entitlement to payment of certain judgments obtained against Hunter from his one-half of the proceeds.
The trial court rendered judgment ordering distribution in the manner sought by Mrs. Braswell.
Hunter appealed complaining primarily that Mrs. Braswell had no interest in the deposited fund because the seizing creditor obtained judgment against him, and therefore, the seizure and sale was only of his interest in the property.
This argument is without merit. Both parties admit the property sold belonged to the former community which had not been partitioned. It is also conceded by both that the debt on which the judgment against appellant is founded was incurred during the marriage. Mrs. Braswell is the party whose interest would have been affected by an improper seizure and sale of her undivided interest and she has not raised such an issue. To the contrary, she admits the validity of the sale by answering and claiming an ownership in the proceeds. The funds retained by the sheriff after payment of the judgments shown on the mortgage certificate and costs of the sale remain an asset of the unliquidated community.
Secondly, appellant contends the trial court was in error in refusing to continue the concursus to permit an orderly liquidation of the affairs of the former community. Appellant also contends that after refusing his request for a continuance, the trial court erred in denying him the right to introduce evidence to show he paid community debts from his separate funds for which he should be reimbursed from the fund on deposit.
Although not shown by the record, it is apparent from briefs of counsel that the trial judge refused to allow appellant to introduce any evidence because he had not filed an answer asserting a claim to the deposited fund under La.C.C.P. Arts. 4655 and 4656.
The judgment in question was taken by confirmation of default entered on behalf of appellee. This is not in accord with the concursus statute. C.C.P. Art. 4657 provides in pertinent part:
*1267 If a defendant fails to answer within the delay allowed by law, any party may move for an ex parte order of court limiting the time in which an answer may be filed in the proceeding. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order.
# # # # # #
The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff.
From a literal reading of the above article, appellant’s right to answer and to submit evidence in support of his claim had not been terminated by proper notice pursuant to motion made by appellee prior to rendition of judgment.
In addition, the distribution ordered by the trial court is tantamount to a partial judicial partition of the community. Such a result is not favored in law. Daigre v. Daigre, 280 La. 472, 89 So.2d 41 (1956); Tomme v. Tomme, 174 La. 123, 189 So. 901 (1982).
Because of the present posture of this litigation, we conclude it would be in the best interest of doing justice to vacate the judgment and remand the case to the district court to allow a total liquidation of the affairs of the former community in an appropriate proceeding.
The judgment is accordingly vacated and the case is remanded for further proceedings in accord with law and consistent with the views expressed in this opinion. Costs of this appeal are to be assessed equally to appellant and appellee.