LOTTINGER, Judge.
This is a petitory action by Nicholas J. and Marjorie N. Mayfield (Mayfields), to establish the ownership of a certain piece of property in St. Tammany Parish that was in the possession of the defendants, Suzanne Mayfield (Mayfield) and Randy Lee Quinton (Quinton).
From the trial court’s dismissal of the main demand, plaintiffs appeal.
FACTS
In September, 1976, the Mayfields gratuitously donated the property in controversy to their daughter, Mayfield, who was then married to Quinton. The act of donation executed by the parties specifically designated the property as Mayfield’s separate property and Quinton acknowledged such in the act. The Quintons decided to build a house on the property, and as part of the financing arrangement, in December of that same year, a sale/resale transaction was completed by the Quintons and a local savings and loan association. Both May-field and Quinton joined as vendors in the “sale” portion and as vendees in the “resale” portion of the transaction. The May-fields intervened in the “sale” portion of the transaction with the following language:
AND NOW TO THESE PRESENTS CAME AND APPEARED AND INTERVENED, Maijorie Nunez, wife of/and NICHOLAS MAYFIELD, as co-vendors, who declared that, by an act passed before Gus Fritchie, Notary Public, on September 17, 1976, and duly registered in COB 800, folio 297 of the records of the Parish of St. Tammany, they, the said appearers, therein granted, gave, donated and delivered by way of a donation inter vivos unto Suzanne E. Mayfield, wife of RANDY LEE QUINTON, the herein described property. Marjorie Nunez, wife of/and Nickolas Mayfield do now declare that because of the love and affection which they have for their daughter, Suzanne E. Mayfield Quinton, *55 they do by these presents, revoke said donation purely and simply, restoring the ownership of the property hereinabove described.
The Mayfields sued seeking ownership recognition. Mayfield filed a general denial, Quinton filed a reconventional demand against the Mayfields for an undivided one-half interest of ownership in the same piece of property and a cross-claim against May-field, who later filed the declinatory exception raising the objection of lis pendens to the cross-claim. After a trial, on the merits, the trial court dismissed the Mayfield’s suit, maintained the peremptory exception raising the objection of no right of action against Quinton’s reconventional demand, maintained the declinatory exception raising the objection of lis pendens, and dismissed the cross-claim.[1]
Mayfields contend that, although they had donated the realty to their daughter as her separate and paraphernal property, the donation was later revoked and rescinded by the consent of the parties in the act of sale to the savings and loan association. The Mayfields assert that La.Civ.Code art. 1559(4)[2] permits a gratuitous donation to be revoked by legal or conventional means. With the signature of Mayfield on the act of sale, plaintiffs allege that their daughter contractually returned the donated realty.
TRIAL COURT
The trial court found that none of the listed ways to revoke a gratuitous donation under La.Civ.Code art. 1559 was applicable. The only alternative was to find the mutual consent of the parties evidenced in the act of sale. Quirk v. Smith, 124 La. 11, 49 So. 728 (1909). However, the trial court found “no language” in the sale instrument to indicate that Mayfield consented to the revocation of the donation. The trial court stated the “very nature of the transaction would certainly imply” that the donation was not intended to be revoked.
ASSIGNMENT OF ERROR
The assigned error by the plaintiffs is that the trial court was incorrect in finding that Mayfield did not consent to the revocation of the donation.[3]
DISCUSSION
As a matter of law, the trial court was correct in the necessity of mutual consent to revoke a gratuitous donation. However, there exists no specific language required to revoke a gratuitous donation. There is no particular form prescribed for such an act. The revocation need not be by a formal conventional instrument. “[I]t may be tacit, deducible from acts of the donor and donee manifesting an intention to revoke.” Atkins v. Johnston, 213 La. 458, 35 So.2d 16, 18 (1948); Lavedan v. Jenkins, 47 La.Ann. 725, 17 So. 256 (1895).
While specific language is not a prerequisite to a conventional revocation of a donation, the consent of both donor and donee must be present. Such consensus may be tacit, but it must manifest an intent to revoke the gratuitous offering. The essential question then becomes whether or not the act of sale manifested an intent by the parties to revoke the Mayfields’ gift to their daughter.
Plaintiffs argue that Mayfield has neither questioned nor disputed the terms of the act. Mayfield never filed an answer to the original demand. Ms. Mayfield, as a matter of law, is held to know the act’s terms and provisions for which she signs. Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983). The Mayfields contend that Mayfield consented to the revocation when she appeared with the donors, her parents, in the act of sale.
*56 However, the trial court astutely noted that the consent was absent by “the very nature of the transaction.” The sale/resale is a device mortgagors use to benefit from the preferred status of a vendor’s privilege. As the local savings and loan institution sold back to the Quintons the property of Mayfield, the local lender gained the preferred position of Quintons’ vendor. The placement of the Mayfields as intervenors in the act of sale was to clear any future title problems amongst possible co-heirs. If the intervention was simply to retain the donated realty, then a separate act would have sufficed.
To accept Mayfields’ argument is to condone the Mayfields attempt to defraud the lending institution of any security it may have against the Quintons’ loan. This court will not advocate such an endeavor.
The intent necessary to evidence a revocation is absent in the sale/resale acts. As a matter of law, the trial court was correct in determining that the parties involved did not consent to the donation’s revocation.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants costs.
AFFIRMED.

. The cross-claim against Ms. Mayfield was dismissed by the trial court on the basis of Ms. Mayfield's exception of lis pendens.

. La.Civ.Code art. 1559 states:
Donation [Donations] inter vivos are liable to be revoked or dissolved on account of the following causes:
1.The ingratitude of the donee;
2. The non-fulfillment of the eventual conditions, which suspend their consummation;
3. The non-performance of the conditions imposed on the donee;
4. The legal or conventional return.

. It appears from appellant’s brief that the dismissal of their petitory action is the only issue sought to be reviewed.