|  |  |
|---|---|
| 13 | 379 |
| 46 | 748 |

|  |  |
|---|---|
| 13 | 379 |
| 48 | 710 |

## Ann M. Downs v. Charles H. Morrison.

Money belonging to the wife, received by the husband during the marriage, constitutes a charge against the community.

APPEAL from the District Court of the Parish of Ouachita, *Mayo*, J. *Baker & Harris*, for plaintiff. *C. H. Morrison*, for defendant and appellant.

BUCHANAN, J. The only question of law which this case presents is, whether the amount of the paraphernal effects received by the husband in cash, during the marriage, is a debt of the community or a debt of the husband's separate estate.

It is admitted that the community of acquests between plaintiff and the testator was worth over fifty thousand dollars, and that plaintiff has accepted the community, and has received her portion.

The testator has left, besides, a large separate estate.

It thus interests the plaintiff to have her husband's separate estate charged with the debt which he has contracted by the receipt of her paraphernal funds ; because, if charged to the community, her share in the net assets of the community will be reduced by one-half of the debt so charged. In *Harrell* v. *Harrell*, 12 A. 550, it was held that moneys inherited by the wife during marriage, and received by the husband, constituted a charge against the community. The same thing was decided in *Mercier* v. *Canonge*, 12 Robinson's Reports ; Civil Code, Art. 2372.

The amount of cash received by *General Downs* for account of his wife, the plaintiff, from her father, during marriage, is correctly stated in the judgment of the District Court at $4378 97. This being a debt of the community which has been dissolved and settled, the plaintiff is entitled to recover one-half the amount from the executor of her husband ; the other half being extinguished by confusion. 4 Rob. 175.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that plaintiff recover of defendant, in his capacity of executor of *Solomon W. Downs*, the sum of two thousand one hundred and eighty-nine dollars and forty-eight cents, with costs of the District Court ; those of appeal to be paid by plaintiff and appellee.

SPOFFORD, J., dissenting. As between husband and wife, I think the husband's separate estate should be held responsible to her for the paraphernal property, including money, received by him during the marriage, unless it be shown affirmatively that he used the proceeds of the property, or the paraphernal money, to swell the community.

When he or his legal representatives do not account in any way for her paraphernal funds admitted to have been received by him, the presumption should be

DOWNS
*v.*
MORRISON.

that he applied them to his individual use rather than to the aggrandizement of the community.

I think the judgment appealed from should, therefore, be affirmed.

### AMENDED DECREE.

MERRICK, C. J. The parties having consented to waive the time upon the application for a re-hearing and that a decision of the court be now rendered upon said question of interest, it is ordered that the judgment rendered by us in this case be amended so as to award the said *Ann M. Downs* five per cent. interest on said sum of $2189 48, from the 27th day of April, 1857, until paid, and that in all other respects said decree remain undisturbed.