HARDY, Judge.
This is an action in which plaintiff, the divorced wife of defendant, secured judgment in her favor and against the defendant in the principal sum of $1,127.20 on her claim for paraphernal funds delivered to and used by her said husband. From the judgment defendant has appealed and plaintiff has answered the appeal praying for an increase in the amount of the judgment and for recognition of her legal mortgage on the property of defendant.
Plaintiff, Bertha M. Butcher, was married to defendant, Thomas C. Butcher, on November 22, 1914, and the parties lived together as husband and wife under the community of acquets and gains until their separation in or about the month of July, 1949. By petition filed August 15, 1952, the husband brought suit for divorce based on two years separation, in which he also prayed for a dissolution of the community. In the divorce suit judgment was rendered on October 6, 1952, decreeing an absolute divorce, and further judgment was rendered on April 10, 1953, dissolving the community, recognizing the parties as the owners of an undivided one-half interest in and to real *557 estate and movables, therein described, and specifically reserving to the defendant wife her right to claim any indebtedness to her separate estate. Pursuant to the latter portion of the decree the instant suit was filed on April 20, 1953, in which plaintiff claimed the total sum of $2,855 as the amount represented by paraphernal funds received and expended by her former husband. Recognizing the fact that the establishment of her claim would constitute a debt against the community and that one-half thereof would be extinguished by confusion, counsel for plaintiff filed a stipulation dated March 8, 1955, in which the total amount claimed by plaintiff was reduced by one-half, that is, from $2,855.00 to $1,427.50.
On behalf of defendant pleas of lis pendens and res judicata were filed, which appear to have been overruled, and, not being urged on appeal, are to be considered as abandoned. An exception of no cause or right of action was filed on behalf of defendant and is strenuously urged on this appeal. As grounds for the exception counsel first argues that plaintiff was without right or cause of action to attempt to obtain a personal judgment for the full amount of her separate funds advanced during marriage or to have her legal mortgage recognized against the divorced husband’s one-half interest in the community, inasmuch as her alleged claim constituted a charge against the community and all of the property there'of. This objection, of somewhat doubtful validity, has been adequately met by the voluntary stipulation on behalf of plaintiff, as above noted, reducing her claim by one-half.
Learned counsel for defendant argues that all monies received by a wife as her separate funds and advanced to the husband during marriage constitute a charge against the community and not against the husband alone, citing Downs v. Morrison, 13 La.Ann. 379. We do not think the cited case is authority for the broad general principle contended by plaintiff and we quote from the opinion of the court as follows:
“The only question of law which this case presents is, whether the amount of the paraphernal effects received by the husband in cash, during the marriage, is a debt of the community or a debt of the husband’s separate estate.”
* * # * * *
“This (the amount received by the husband from the separate funds of the wife) being a debt of the community which has been dissolved and settled, the plaintiff is entitled to recover one-half the amount from the executor of her husband; the other half has been extinguished by confusion.” (Emphasis supplied.)
It is thus to be observed that the effect of the decision in the Downs, case which resulted in the extinguishment of one-half of the wife’s debt by confusion and which charged the remaining one-half against the executor of the husband’s separate estate obtains exactly the same result which is sought in the instant case where the wife has remitted one-half of her claim and seeks to hold the husband for the remaining one-half.
Secondly, counsel urges that the wife is without right to sue the husband on a community obligation in the absence of a dissolution, liquidation and settlement of the debts of the said community. We think this point is without merit inasmuch as plaintiff is accorded an unquestionable -right of action under Article 105 of the Code of Practice, which specifically authorizes suit by a wife for the restitution and enjoyment of her paraphernal property even during the existence of the marriage. This right, which, of course, is not lessened by the termination of the marriage, is not dependent upon a settlement of the community debts. The case of Tomme v. Tomme, 174 La. 123, 139 So. 901, cited in support of defendant’s contention is not apropos since the subject matter of that action involved only the right of the wife to obtain a money judgment against the husband for one-half of her interest in the community property.
On the merits counsel for defendant contends that plaintiff has failed to prove her claim. This is a question of fact *558 which has been determined adversely to defendant, and careful consideration' of the record completely fails to convince us of any error in the resolution of this issue by the judge of the trial court. We think the record abundantly supports the finding that the wife established the receipt of monies from her separate estate totaling the amount of $2,855, and that this sum was delivered to her husband and used by him. The sources from which and the occasions upon which the monies were received are accurately. identified, and that these sums were delivered to the husband is also well established by a preponderance of the evidence. On the other hand, the défendant-husband has completely failed to sustain his denial of the receipt and use of this sum.
The record does not disclose how the trial judge arrived at the determination of the ampunt .of the judgment in the sum of $1,127.20 rather than the full, amount of $1,427.50. It appears that the judge recognized the sum of $300.30 as having been established under defendant’s claims, in the nature of offsets. The testimony bearing on this point, and particularly with reference to the rental value of the property which has been occupied by the wife since the separation, we find to be so vague and inconclusive on the part of both plaintiff and defendant that we cannot substantiate any conclusion of error which would justify ■either an additional decrease, as.contended by defendant, or increase, as sought by plaintiff’s answer to the appeal, in the amount of the judgment.
As to the question of plaintiff’s right to a legal mortgage on the property of defendant,- we think there can be no possible doubt. The plain wording of Articles 2390 and 3319 of the LSA-Civil Code grants and preserves to the wife her right to a legal mortgage on all the property of her husband for the reimbursement of her paraphernal funds. Once proof has been made of the delivery of paraphernal funds to the husband the wife is entitled to recognition of her status as a preferred creditor of the husband and to be secured by a mortgage against his property. This point was ably and convincingly discussed and amply supported by citations of authority in an article in 27 T.L.R. 143, particularly at pages 147, 148 and 162.
For the reasons ■ assigned the judgment appealed from is amended by decreeing that a' legal mortgage in favor of plaintiff, Bertha M. Butcher, be and it is hereby recognized on all property of the defendant, Thomas C. Butcher, to the extent of the amount of the judgment with interest at the legal rate, and as amended the judgment is affirmed at appellant’s'cost.