LEMMON, Judge.
In this domestic relations matter Mrs. Josephine Foster has appealed from a judgment which, although granting her a separation, denied her demand for restitution of paraphernal property in the amount of $2,400.00.
Mrs. Foster owned an automobile when she and her husband were married in December, 1970. The following month she entered DePaul Hospital, where she was treated for schizophrenia through June, 1971.
In March, 1971, while Mrs. Foster was in the hospital, the car was sold, and the proceeds of $2,400.00 were deposited into their joint bank checking account.
When Mrs. Foster was released from DePaul, the couple resumed living together until Mrs. Foster was again hospitalized in another institution in September, 1973.[1] After several severe disagreements, they separated, and this suit was filed in July, 1974.
The bank statement for the joint account transactions in 1971 showed numerous deposits and withdrawals, including one in the amount of $1,200.00 on April 26 that Mrs. Foster asserted her husband used to pay a gambling debt, and the balance was seldom below $1,000.00 and often in excess of $2,000.00.
The trial judge denied the wife’s claim for restitution on the basis that the funds from the sale of her separate property had been comingled in the community bank account.
When separate property (or the proceeds from the sale of separate property) becomes comingled with community funds to the extent that the separate funds are no longer capable of identification, the spouse who owned the separate property simply loses the claim to ownership of specific property bought with the comingled funds (because of ownership tracing problems). The spouse is nevertheless entitled to restitution of the separate property at the time of dissolution of the community. Furthermore, the wife, even during the marriage, is entitled to restitution of her paraphernal effects which she can prove were either delivered to her husband or delivered for use to the community. Slater v. Culpepper, 233 La. 1071, 99 So.2d 348 (1957); C.C. art. 2391.[2]
*640 This is not a suit to have the checking account, or any sum therein or property purchased therewith, declared community property. Rather, this is a claim by the wife for restitution of para-phernal effects. The wife need only prove that the proceeds from the sale of her separate property were delivered to her husband and used for his benefit or the benefit of the community. Slater v. Culpepper, supra; Broyles v. Broyles, 215 So.2d 526 (La.App. 1st Cir. 1968). She need not prove that the value of the community has been enhanced by the expenditure of these funds.
Under Louisiana’s community property system, the wife has limited power of management over community assets (and corresponding limited liability for community management powers), she in phernal property (or proceeds therefrom) is delivered to her husband (who does have community management powers), she in effect becomes a creditor and her claim in effect is a community debt. Downs v. Morrison, 13 La.Ann. 379 (1858). Moreover, the husband is individually liable for this community debt, and when community assets are insufficient to satisfy the claim, the wife is entitled to restitution from the husband’s separate property. Succ. of McCloskey, 144 La. 438 80 So. 650 (1919).[3] See generally Huie, Separate Claims to Reimbursement from Community Property in Louisiana, 27 Tul.L.Rev. 143, 147 (1953).
The wife is also entitled to legal interest from the date of dissolution of the community. Succ. of McCloskey, supra.
We conclude Mrs. Foster has proved her claim in this case.
Accordingly, the judgment of the trial court is reversed in part, and it is now ordered that there be judgment in favor of Josephine Foster and against Sanford Foster in the amount of $2,400.00, together with legal interest from July 26, 1974 until paid, and all costs of these proceedings, including the costs of this appeal.

REVERSED IN PART AND RENDERED.

. All hospital costs were covered by hospitalization insurance, the premiums for which were paid with community funds.

. C.C. art. 2391 provides:
“The wife has, even during marriage, a right of action against her husband for the restitution of her paraphernal effects and their fruits, as above expressed.”

. The McCloskey case was decided on the basis that the husband, as head and master, is liable for community debts. However, in Downs v. Morrison, supra, the wife who had accepted the sizeable community was allowed to recover only one-half of her claim for re-titution, on the basis that she was liable for one-half of the community debts. In the present case there was no acceptance of the community by the wife, nor apparently were there any community funds to satisfy her claim.