BMAX N. TOBIAS, JR., Judge.
Elroy W. Eckhardt appeals the trial court’s granting of an exception of prescription, dismissing his suit. For the following reasons, we affirm.
The plaintiff/appellant, Elroy W. Eck-hardt (“Eckhardt”), and defendant/appel-lee, Bryce W. Reveley (“Reveley”), were married on 30 June 1984 and divorced on 4 June 1998. The parties were separate in property, having executed a pre-marital contract on 28 June 1984.
On 22 December 1998, Eckhardt, in his capacity as trustee of the Livia Eckhardt Trust,[1] filed the present suit against Reve-ley for the recovery of monies and the return of property. Specifically, Eck-hardt’s petition alleged the following: (1) prior to his marriage to Reveley, Eckhardt formed a corporation, FAB-Service Inc., of which Reveley became the sole shareholder, director, and officer; (2) prior to his marriage to Reveley, Reveley formed a corporation, T.K. Associates, Inc., of which Reveley was the sole shareholder, director, and officer; (3) Eckhardt directed rebates, credits, commissions, and payments from the purchase of pipe in his pipe fabricating business through the two corporations to Reveley; (3) between June 1982 and May 1985, Reveley received over $214,000.00 through (from) T.K. ^Associates, Inc. and FAB-Service, Inc., which she neither earned nor was she entitled to at the time; (4) on 15 June 1997 Eckhardt attempted to donate to the Livia Eckhardt Trust any rights he had against Reveley for the monies advanced to or received by Reveley through the two corporations prior to their marriage;[2] (5) during the early 1990’s,[3] *130 Eckhardt advanced (a) $8,000.00 to Reve-ley for improvements to Reveley’s separate residence and (b) $85,000.00 to Reve-ley, to cover (i) business expenses for Reveley’s business, and (ii) for mortgage payments on Reveley’s separate property; and (6) Eckhardt is entitled to $1,500.00 for a set of stereo speakers that Reveley used for a trade-in. (We note that Eck-hart filed a supplemental and amending petition on 10 April 2003 naming additional parties plaintiff; however, the pleading neither sets forth nor explains how the additional parties plaintiff are in any way related to this suit.)
In response to Eckhardt’s petition, Reveley filed exceptions of prematurity, non-joinder of parties, lack of procedural capacity, no right of action, no cause of action, and prescription. On 3 July 2003, the trial court granted the exception of prescription (rendering moot the remaining exceptions) and denied Reveley’s request for sanctions. The trial court’s reasons for judgment state:
This suit seeks the recovery of money belonging to the plaintiffs donor, which was lent to and/or received by defendant. Actions for the recovery of money lent are subject to three-year prescriptive periods. C.C. Art. 3494. As suit was not filed timely it will be dismissed.
On appeal and in a single assignment of error, Eckhardt argues that the trial court erred in granting the exception of prescription. Specifically, Eckhardt | acontends that the trial court was correct in treating the advances made by or on behalf of Eckhardt as having a three-year prescriptive period, but it failed to take into consideration that prescription was suspended between the spouses during the marriage pursuant to La. C.C. art. 3469. In opposition, Reveley submits that the trial court considered article 3469, but that it also considered La. R.S. 9:291.
La. R.S. 9:291 provides:
Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code [4]; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
Reveley argues that because La. R.S. 9:291 allowed Eckhardt to sue for the restitution of his separate property during the marriage, prescription was not suspended.
The record on appeal[5] establishes that Eckhardt seeks restitution of his separate property allegedly loaned to Reveley both prior to and during their marriage. La. R.S. 9:291 does not suspend a cause of action between spouses separate in property during the existence of the marriage for such claims. Courts have also held that one spouse may sue another spouse even during the marriage for claims regarding separate property. See Hernandez v. Hernandez, 99-1914 (La.App. 3 Cir. 5/3/00), 763 So.2d 36; Cloud v. Cloud, 425 *131 So.2d 329 (La.App. 3d Cir.1982); Butcher v. Butcher, 83 So.2d 556 (La.App. 2d Cir. 1955); Airhart v. Airhart, 153 So.2d 140 (La.App. 3d Cir.1963).
^Prescription cannot run against a cause of action that has not accrued or while that cause of action cannot be exercised. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975). In the case at bar, Eckhardt was not prevented from suing upon his cause of action during the marriage by virtue of La. R.S. 9:291. Additionally, we note that the monies directed by Eckhardt to the two corporations created claims by Eckhardt against the corporations, not claims against any shareholder, director, or officer of the corporations, regardless of whether monies flowed from the corporations to the shareholder, director, or officer; therefore, during the marriage, nothing prevented Eckhardt from filing suit against the corporations, entities that are separate and distinct from their shareholders, directors, and officers, for monies loaned. See La. C.C. art. 24. Additionally, we note that argument is made in Reve-ley’s brief that the reason that Eckhardt supplemented and amended his petition was to help establish that his claim for the $8,000.00 noted above was made by the succession of Shirley Eckhardt; certainly, the succession representative was not prohibited from filing suit against Reveley while Eckhardt and Reveley were husband and wife.
We conclude that prescription on the restitution claim continued to accrue during the marriage and was not suspended pursuant to La. C.C. art. 3469. Accordingly, we find no error by the trial court in granting the exception of prescription.
Reveley asks this court to award sanctions, fees, and costs against Eck-hardt. A request for sanctions or attorney’s fees can be considered only if the party |sanswers the appeal or files an appeal. La. C.C.P. art. 2133; Kops v. Lee, 03-1407 (La.App. 4 Cir. 3/31/04), 871 So.2d 1187. In the present case, Reveley did not appeal or answer the appeal. Her request for sanctions is, accordingly, not considered.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Livia Eckhardt is the Eckhardt’s daughter by a previous marriage.

. We note that these donations were not made in proper form, and that post-initiation of the present suit, Eckhardt sought to correct *130 the defect by executing a notarial act to ratify the transfer.

. Circa 1992.

. La. C.C. art. 2325, et seq., relative to matrimonial regime contracts.

. At the trial of the exception, only two documents were formally introduced in evidence. We note, however, that the trial court, without objection from any party, indicated on the record that it was going to decide the case on the pleadings, i.e. on the entire record before it. We accordingly, will consider those pleadings relied upon by the trial court in reaching our decision as being in fact accepted into evidence.