930 So.2d 1013 (2006)
Greather HEATHCOCK
v.
Carl NEUENHAUS.
No. 05-CA-954.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
Richard J. Richthofen, Jr., Richthofen & Associates, L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant.
Robert C. Lowe, Marynell L. Piglia, Jeffrey M. Hoffman, Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Plaintiff, Greather Heathcock, has appealed the trial court's grant of an Exception of Prescription in favor of her former spouse, Carl Neuenhaus. For the reasons that follow, we affirm.

FACTS:
Greather Heathcock (Heathcock) and Carl Neuenhaus were married on March 1, 1991. On June 1, 1991, Mr. Neuenhaus signed a note wherein he promised to pay Ms. Heathcock $19,683.00 at a rate of $418.50 per month commencing on June 1, 1991 for a period of 60 months with ten per cent (10%) interest per annum until paid. Mr. Neuenhaus made no payments to Ms. Heathcock. On December 18, 2001, the parties were divorced.
On December 10, 2004, Ms. Heathcock filed a petition seeking to enforce payment on the note. Mr. Neuenhaus responded with a Peremptory Exception of Prescription, contending that under C.C. art. 3498 *1014 the action on this promissory note had a liberative prescription of five years commencing to run from the day payment is exigible. Mr. Neuenhaus further argued that Ms. Heathcock was not barred from filing an action on this note during the marriage because as a suit to recover her separate property, it fell under the exception to the general rule that suits between spouses are barred.
The trial judge granted the exception and this timely appeal followed.

LAW AND DISCUSSION:
On appeal, Ms. Heathcock argues because C.C. art. 3469 suspends prescription between spouses during the marriage, prescription on this promissory note was suspended until the parties divorced on December 18, 2001. She reasons that because the prescription on the promissory note was five years and she filed suit within five years of the divorce, the trial court erred in granting defendant's Exception of Prescription.
In Eckhardt v. Reveley, XXXX-XXXX (La. App. 4 Cir. 7/21/04), 881 So.2d 128 the court held that where parties were separate in property, prescription did run between them during the marriage on a cause of action that the husband brought against the wife concerning monies he advanced before and during the marriage.
Ms. Heathcock argues that Eckhardt v. Reveley is distinguishable from the facts in the case at bar, in that in Eckhardt, Mr. Eckhardt loaned money to Ms. Reveley prior to and during the marriage for improvements to her separate property. Ms. Heathcock contends she is attempting to enforce a negotiable instrument, not to recover separate property.
Mr. Neuenhaus responds that Ms. Heathcock was not barred from filing suit on the promissory note during the marriage because this claim was for restitution of separate property. He contends that since prescription ran on the note during the marriage, the suit was properly dismissed. He contends that Eckhardt v. Reveley is applicable because in Eckhardt, as in the instant case, the spouses are separate in property and one spouse is seeking the return of separate property loaned during the marriage.
LSA-R.S. 9:291 states that spouses may not sue each other except for:
(1) Causes of action pertaining to contracts or arising out of the provision of Book III, Title VI of the Civil Code;
(2) Restitution of separate property;
(3) Divorce or declaration of nullity of the marriage;
(4) Causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
The four enumerated exceptions to suits spouses can bring against each other are exclusive, not illustrative. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
Ms. Heathcock is seeking repayment of her money loaned to Mr. Neuenhaus, which amounts to restitution of her separate property. Thus, according to the exceptions enumerated in R.S. 9:291, Ms. Heathcock could have filed suit against Mr. Neuenhaus during the marriage to recover money loaned pursuant to the promissory note. Accordingly, we find no error in the trial court's grant of defendant's Exception of Prescription.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.