CLARENCE E. McMANUS, Judge.
|?In this shareholder derivative action plaintiff, Ann Woods Barnes, appeals from two decisions of the trial court, the first granting an exception of no right of action filed by her husband, Walter S. Barnes and the second granting an exception of nonjoinder of a party needed for adjudication, (namely Walter Barnes) filed by defendants Stephen Barnes, Edward Moore and Trebs Enterprise, dismissing plaintiffs lawsuit with prejudice. After the record was lodged, defendants filed an exception of no right of action in this Court. For the reasons that follow, we deny the defendant’s exception of no right of action, reverse the decisions of the trial court and remand this matter for further proceedings.
Trebs Enterprises, Inc. (Trebs) is a family owned corporation. Mr. Edward Barnes owns 50.9 shares of stock, and Mrs. Barnes owns 38 shares [1] Their son, Stephen Barnes owns 10 shares. Edward Moore, who is also a shareholder of Commercial Management, Inc. (CMI) owns 1.1 shares of stock. Trebs is the owner of a piece of commercial real estate which it leases to CMI, who in turn sublets to other entities.
|3On October 17, 2007, Mrs. Barnes filed a shareholder’s derivative action on behalf of Trebs, naming as defendants Walter Barnes, Steve Barnes, Edward Moore, Jr., CMI and Trebs.
Walter Barnes filed a reconventional demand for revocatory action in which he sought to revoke the transfer of stock in Trebs to plaintiff. Mrs. Barnes filed an exception of no right of action, alleging interspousal immunity from suit under R.S. 9:291. Thereafter, Walter Barnes field an exception of no right/cause of action to the shareholder derivative action, also claiming spouse immunity to the shareholder derivative suit filed by Mrs. Barnes, his wife, claiming that she had no right to file suit against him pursuant to R.S. 9:291.
On March 18, 2008, the trial court granted the exception of no right of action filed by Mr. Barnes, and dismissed him with prejudice from the suit. The trial court also dismissed his reconventional demand against Mrs. Barnes with prejudice.
After the trial court dismissed Mr. Barnes from the suit, the remaining defendants filed an exception of nonjoinder of a party, alleging that Mr. Barnes was a necessary party needed for adjudication, pursuant to C.C.P. art. 641. The trial court granted the exception, and then, because it had found that the suit against Mr. Barnes could not be pursued, it dismissed the entire cause of action.
On appeal, Mrs. Barnes contends that the trial court erred in dismissing Mr. Barnes from the suit. She argues that the corporation, and not herself, is the true plaintiff in this action, and therefore the spousal immunity does not apply. She further alleges that the trial court erred in dismissing the suit for failure of a necessary party, since Mr. Barnes should not have been dismissed from the suit, and *630 further because the suit could still proceed pursuant to C.C.P. art. 642.
I/The exception of no right of action is provided by LSA-C.C.P. art. 927(A)(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-612, 05-719 (La.3/17/06), 929 So.2d 1211, 1217. Whether a plaintiff has a right of action is a question of law subject to de novo review. Oakville Community Action Group v. Plaquemines Parish Council, 05-1501 (La. App. 4 Cir. 9/27/06), 942 So.2d 1152, 1155.
Mr. Barnes filed his exception of no right of action, claiming immunity from suit pursuant to LSA-R.S. 9:291, which states
Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
The four enumerated exceptions to suits spouses can bring against each other are exclusive, not illustrative. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); Heathcock v. Neuenhaus, 05-954 (La.App. 5 Cir. 4/25/06), 930 So.2d 1013.
LSA-C.C.P. art. 611 provides that
When a corporation or unincorporated association refuses to enforce a right of the corporation or unincorporated association, a shareholder, partner, or member thereof may bring a derivative action to enforce the right on behalf of the corporation or unincorporated association. A derivative action may be maintained as a class action when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties. In the case of a derivative class action, Articles 594 and 595 shall apply.
Black’s Law Dictionary 475 (8th ed.2004) defines a derivative action as:
1. A suit by a beneficiary of a fiduciary to enforce a right belonging to the fiduciary; esp., a suit asserted by a shareholder on the corporation’s behalf against a third party (usu. a corporate officer) because of the corporation’s failure to take some action against a third party.
| fiIn Spruiell v. Ludwig, 568 So.2d 133, 137 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1117 (La.1991), this Court explained the nature of a shareholder derivative action:
Pursuant to R.S. 12:1 et seq. a minority shareholder has a right to bring a derivative action on behalf of the corporation. The minority shareholders in a derivative action are only nominal plaintiffs whose right to recover can only be asserted secondarily.
Furthermore,
... it is well established under Louisiana law that an action for mismanagement, fraud or breach of fiduciary duty belongs to the corporate entity and not to the individual shareholder who brings the derivative action [citations omitted; emphasis added].
Maestri v. Destrehan Veterinary Hospital, Inc., 94-1030 (La.App. 5 Cir. 3/28/95), 653 So.2d 1241 writ denied 95-1534 (La.9/29/95), 660 So.2d 879.
In this suit, it is not a wife’s cause of action against her husband, but a corporation’s cause of action asserted by one shareholder, against the directors of the corporation. The cause of action, and any *631 relief granted, belongs to the corporation, and not the wife. We therefore find that LSA-R.S. 9:291 is inapplicable to a shareholder derivative action, and the trial court erred in granting the exception of no right of action in favor of Walter Barnes.
In her second allegation of error, plaintiff alleges that the trial court erred in granting the exception of nonjoinder, filed by the remaining defendants. The trial court granted the exception finding that Walter Barnes was a necessary party to the litigation. Because the trial court erred in dismissing Mr. Barnes from the suit, the trial court also erred in dismissing the suit on the grounds that Mr. Barnes was a necessary party for its litigation.
After the record was lodged, the defendants filed an exception of no cause of action in this Court, alleging that Mr. Barnes had revoked his donation to Mrs. | ^Barnes, in which the shares of Trebs stock were transferred to her, and that she no longer had a right of action since she was no longer a stock holder. To support his claim, he attaches a document purporting to be a revocation of donation. This document is not in the record, and therefore cannot be considered by this Court. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Jackson v. United Services Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512. Accordingly, this exception of no right of action is denied.[2]
For the above discussed reasons, the decision of the trial court granting Mr. Barnes’ exception of no right of action is reversed. The decision granting the exception of nonjoinder is also reversed, and the matter is remanded for further proceedings.

EXCEPTION OF NO RIGHT OF ACTION DENIED; JUDGMENTS OF THE TRIAL COURT REVERSED; CASE REMANDED.

. Appellant disputes that she owns only 38 shares and contends that she actually owns 45 shares.

. Mr. Barnes also filed reconventional demand in the trial court seeking to revoke the donation, which was dismissed on an exception of no right of action. Mr. Barnes did not seek review of that decision.