| | | |
|---|---|---|
| **IPF22, LLC** | * | **NO. 2024-CA-0772** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOYCE FRAZIER** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-13018, DIVISION "L-6"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins,
Judge Karen K. Herman)

**LOBRANO, J., CONCURS WITH REASONS**


James E. Uschold
Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE


Eric Oliver Person
1539 Jackson Avenue, Suite 100
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT


**REVERSED AND REMANDED**
**JUNE 6, 2025**

This is a suit to quiet title. Appellant-Defendant, Joyce Frazier ("Defendant"), appeals the trial court's June 25, 2024 judgment, which granted the exception of peremption filed by Appellee-Plaintiff, IPF22 ("Plaintiff"), and dismissed Defendant's reconventional demand. In response to the appeal, Plaintiff requests attorneys' fees and costs for the filing of a frivolous appeal.

For the following reasons, the trial court's judgment is reversed and the matter is remanded for further proceedings. Additionally, Plaintiff's request for frivolous appeal damages is denied.

**FACTUAL AND PROCEDURAL HISTORY**

On December 1, 2023, Plaintiff filed a petition to confirm and quiet tax sale title, for declaratory judgment, and for partition.

In the petition, Plaintiff alleged that Defendant acquired an interest in the property located at 7726 Vanderkloot Ave., New Orleans, LA 70127, via a cash sale in 2000. However, property taxes were not paid and a tax sale of the property was conducted on April 11, 2017, to collect delinquent ad valorem taxes for 2016 and 2017. Affluent Enterprises, LLC ("Affluent") was the winning bidder for 99% of the interest in the property. A tax sale certificate conveying the tax sale title to 99% of the interest in the property to Affluent, was executed on May 18, 2017, and

then recorded on June 20, 2017.[1] Affluent thereafter transferred its interest to

Plaintiff by transfer of tax sale interest on October 16, 2023. Plaintiff alleged that

the redemption period expired on June 22, 2020, three years after the tax sale was

recorded. Plaintiff sought judgment declaring, among other things, that the tax sale

was valid and that Defendant was duly notified.  Plaintiff also sought a judgment

confirming and quieting Plaintiff's tax sale to an undivided 99% interest of the

property and a judicial partition by private sale.

Paragraph 10 of the petition stated:

**IMPORTANT NOTICE**
**REGARDING TAX SALE**

**PLAINTIFF IS THE HOLDER OF TAX SALE TITLE TO A 99% INTEREST IN THE SUBJECT PROPERTY BY VIRTUE OF A TAX SALE. PLAINTIFF'S TITLE TO AND FULL OWNERSHIP OF THAT INTEREST IN THE PROPERTY WILL BE CONFIRMED UNLESS A PROCEEDING TO ANNUL THE TAX SALE IS INSTITUTED WITHIN <u>TEN (10) DAYS</u> AFTER THE DATE OF SERVICE OF THE PETITION AND CITATION.**

**NOTE**: This notice does not extend other deadlines that may apply. It is possible any interest you may have had was previously terminated

(bold and underline in original).

The citation to the petition provided Defendant must either comply with the

demand contained in the petition or "file an answer or other legal pleading within

the delay provided by Louisiana Revised Statute Annotated Section 47:2266."  A

copy of La. R.S. 47:2266 was attached.

---

[1] The tax sale was recorded at NA 2017-23695 and CIN 620445.

As exhibits to the petition, Plaintiff included the tax sale certificate and the notice of tax sale advising Defendant that her interest in the property will be terminated if she does not move to annul the tax sale.

The notice of tax sale provided, in part:

**NOTICE OF TAX SALE**
**THIS IS AN IMPORTANT LEGAL NOTICE.**
**PLEASE READ IT CAREFULLY.**
**YOU WILL RECEIVE NO FURTHER NOTICE.**

…

**Tax sale title to the above-described property has been sold for failure to pay taxes.** You have been identified as a person who may have an interest in this property.

Your interest in the property **will be terminated** if you do not file a proceeding to annul the tax sale in accordance with the law within sixty (60) days of the date of this notice.

**NOTE**: This notice does not extend other deadlines that may apply. It is possible any interest you may have had was previously terminated or may terminate in less than sixty (60) days.

(bold in original, underline added).

The record shows that Defendant was served by special process server on January 7, 2024.

On February 21, 2024, Defendant filed an answer and reconventional demand.[2] In her pleading, Defendant claimed she did not receive the requisite pre-tax sale or post-tax sale notice "from either the City of New Orleans or from any other party." Defendant also asserted that the tax sale certificate should be declared null and alleged a claim for unjust enrichment.

On April 19, 2024, Plaintiff filed an exception of peremption, claiming that Defendant's suit to annul the sale (asserted in her reconventional demand) was not

_____

[2] Defendant also filed a third party demand, naming the City of New Orleans as a third party defendant.

instituted within ten days of being served with the petition under La. R.S. 47:2266(B) and was thus perempted.

On June 5, 2024, Defendant filed an opposition to the exception, claiming the notice included in the petition provided that she had sixty days from date of service to file a proceeding to annul and thus it would be inequitable to apply the ten-day period to respond to the petition.[3]

The exception came before the trial court on June 14, 2024, and the trial court granted the exception of peremption and dismissed Defendant's reconventional demand with prejudice.[4] The trial court executed a judgment to that effect on June 25, 2024.

Defendant's timely appeal followed.

**APPLICABLE LAW AND DISCUSSION**

Defendant argues that the trial court erred in granting the exception of peremption because the petition gave Defendant several different time periods[5] to annul the tax sale and that the ambiguity should be construed against Plaintiff. As such, Defendant argues that her February 21, 2024 annulment action, which was filed within sixty days of service of the petition, should be considered timely.

---

[3] Defendant attached the notice of tax sale to her opposition. This notice was also included in the petition.

[4] The trial court stated:

> I mean, peremption is definitive. I liken peremption to a very solid wall that you can't get around, can't go under, can't go over. That 60-day clause is troubling, though. I hate to make you work, Mr. Person, but I will go with the 10 days. I will grant the exception, but I think you might want to seek some clarity on that. So that's the ruling of the Court.

[5] Defendant notes that in paragraph 10 of the petition, Plaintiff indicates that Defendant had ten days to annul the tax sale. She also notes that the notice, attached as an exhibit to the petition, stated that Defendant had sixty days. Defendant further claims that the "Clerk of Court provided a notice that [Defendant] had six months in which to file to redeem the tax sale."

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Emery v. Ben*, 2024-0018, pp. 6-7 (La. App. 4 Cir. 5/13/24), 390 So.3d 952, 959 (quoting La. C.C. art. 3458).

"Peremption differs from prescription in two respects: '(1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.'" *Coastal Dev. Grp., Inc. of Greater New Orleans v. Lund*, 2022-0598, p. 4 (La. App. 4 Cir. 1/11/23), 356 So.3d 1174, 1177 (quoting *Naghi v. Brener*, 2008-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 926).

"In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true." *Emery*, 2024-0018, p. 7, 390 So.3d at 959 (quoting *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627). "The party pleading peremption bears the burden of proof however; if peremption is evident on the face of the pleadings, the burden shifts to the opposing party to demonstrate the claim is not perempted." *Id*. (citing *Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 8 (La. App. 4 Cir. 6/29/16), 197 So.3d 283, 289).

A peremptory exception generally raises a purely legal question and thus courts apply a *de novo* standard of review. *Thrasher Const., Inc.*, 2015-0607, p. 6, 197 So.3d at 289; *see also Hawkins v. Liskow & Lewis, APLC*, 2021-0198, p 4 (La. App. 4 Cir. 3/11/22), 336 So.3d 534, 536 (quoting *Wells Fargo Fin. La., Inc. v. Galloway*, 2017-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800).

La. R.S. 47:2266, entitled "Procedure to Quiet Tax Titles," which Plaintiff relies on to establish Defendant's action for nullity is perempted, states in relevant part:

A. (1) *After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain* a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, *and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation.* This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

(2) The petition and citation shall be served as in ordinary suits; however, if a tax sale party is a nonresident of the state, is unknown, or his residence is unknown, the court shall appoint a curator ad hoc to represent him and receive service. The curator shall receive a reasonable fee for his services to be fixed by the court in each suit, which shall be taxed as costs of suit. *If no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein.*

B. *In all cases when tax titles have been quieted by prescription of five years* under the provisions of Article VII, Section 25 of the Louisiana Constitution, the purchaser, donee, or his heirs or assigns may, either obtain a judgment of the court confirming the title by suit in the manner and form in Subsection A of this Section, except that *the delay for answer shall be ten days instead of six months*, provided that the failure to bring suit shall in no manner affect such prescriptive titles.

(emphasis added).

While Defendant's appeal focuses on the conflicting time periods she received to annul the tax sale and does not dispute the application of peremptive

period,[6] we have found no jurisprudence that has applied a peremptive period to the ten-day period set forth in La. R.S. 47:2266(B) or applied the ten-day time limit to actions to annul a tax sale.[7]

Moreover, this Court recently found in *IPF22, LLC v. Sholes*, 2024-0552, p. 6, (La. App. 4 Cir. 4/3/25), --- So.3d ----, ----, 2025 WL 999957, at * __ that the ten-day time limitation of La. R.S. 47:2266(B) was not applicable to a reconventional demand, which sought to nullify the tax sale for lack of notice.

In *Sholes*, the property at issue was originally owned by the mother of defendant, Arianne Sholes. In 2016, the City conducted a tax sale to collect unpaid taxes on the property and awarded a 100% interest in title to the property to Craig Balsinger. The tax sale was recorded May 17, 2016. Balsinger transferred his interest in the property to IPF22 (the same plaintiff in this case) in December of 2022, which was then recorded. Shortly thereafter, IPF22 filed a petition to confirm and quiet title and for declaratory judgment. Sholes was served with the petition on January 25, 2023. On March 23, 2023, Sholes filed an answer and reconventional demand on her behalf alleging that the tax collector failed to give notice to all interested parties of the tax delinquency and subsequent tax sale and thus claimed the original tax sale to Balsinger was a null. IPF22 filed a motion for summary judgment, wherein it argued, similar to this case, that Sholes' action for

---

[6] Defendant contends in her brief that the "trial court erred in finding preemption had occurred in favor of the Plaintiff when the suit served on Defendant contained three different peremptive periods within which to institute a suit to annul the subject tax sale, one of ten days; one of sixty days; and one of six months."

[7] We recognize, however the three-year time period for a person to redeem the property is peremptive. *See* La. Const., art. VII, § 25(B)(1)(stating that property sold for non-payment of taxes "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption"); La. R.S. 47:2241 (providing that "[a]ll redemptive periods provided in the Louisiana Constitution shall be peremptive").

nullity asserted in the reconventional demand was perempted because it was not filed within the ten-day time limitation under La. R.S. 47:2266(B). The trial court granted the motion for summary judgment. Sholes moved for new trial, which the trial court denied.[8]

On appeal, this Court found IPF22's reliance on the ten-day period set forth in La. R.S. 47:2266(B) was misplaced and that Sholes had ninety days from the date of service of the petition to file for a nullity of the tax sale. Prior to doing so, this Court first outlined the applicable law on actions to annul as follows:

> "Article VII § 25 of the Louisiana Constitution establishes the basis upon which property owners who are in arrears for payment of *ad valorem* taxes may be divested of their ownership rights in immovable property." *Cloud v. Gibson,* [20]23-0435, p. 11 (La. App. 4 Cir. 7/30/24), 399 So.3d 604, 611 (quoting *Cooper*, [20]22-0196, p. 5, 366 So.3d at 556). "In an effort to modernize and clarify the procedures associated with this constitutional authority to conduct tax sales, in 2008 the Louisiana Legislature enacted Louisiana Revised Statutes Title 47, subtitle 3, chapter 5, which became effective on January 1, 2009." *Id*. at pp. 11-12, 399 So.3d at 12. One of the new concepts included with this reform measure appeared in La. R.S. 47:2286, which [addresses actions to annul] provides:

> > No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under [La.] R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to quiet title under [La.] R.S. 47:2266 or as an intervention in a monition proceeding under [La] R.S. 47:2271 through 2280.

> "'Redemption nullity' means the right of a person to annul a tax sale in accordance with [La.] R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." La. R.S. 47:2122(10).

---

[8] The Court noted that while Sholes sought to appeal the denial of the motion for new trial and that the judgment on such a motion is not a final appealable judgment, it was clear from her brief that Sholes sought to appeal the judgment granting summary judgment and thus addressed the merits of the motion for summary judgment. *See IPF22, LLC v. Sholes*, 2024-0552, p. 5, 2025 WL 999957, at *3.

. . .

Louisiana Revised Statutes 47:2287 dictates, in part, the timeframe in which a redemption nullity must be filed:

> A. Any action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of:
>
> (1) Six months after a person is duly notified using a notice, other than the notice provided in [La.] R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.
>
> (2) If a person is duly notified more than five years after the date of the recordation of the tax sale certificate, sixty days after the person is duly notified.

And finally, La. R.S. 47:2122(4) provides, in relevant part:

> (4) "Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of [La.] R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:
>
> (a) Whether the effort resulted in actual notice to the person.

*Sholes*, 2024-0552, p. 6-9, 11-13 2025 WL 999957, at *3-5 (footnotes omitted).

The Court then determined that because Sholes sought to nullify the tax sale based on lack of notice she challenged the tax sale on the grounds of redemption nullity. The *Sholes* Court further noted that under La. R.S. 47:2287(A)(2) an action to annul based on a redemption nullity should be brought before sixty days if notified more than five years after the date of recordation. The Fourth Circuit observed that La. R.S. 47:2287(C) allows a redemption nullity to be asserted in a reconventional demand and La. C.C.P. art. 1041 provides a ninety-day period from date of service to file a reconventional demand. Moreover, the *Sholes* Court noted

10

La. R.S. 47:2287 specifically applies to nullity actions via reconventional demand whereas La. R.S. 47:2266(B) references "the delay for answer" and thus found that La. R.S. 47:2287, as the more specific statute, controls. As a result, the Court held that Defendant had ninety days to annul the tax sale via her reconventional demand, not ten-days from the date of service pursuant La. R.S. 47:2266(B). This Court stated, in relevant part:

> Ms. Sholes' reconventional demand implicates a lack of proper notice by the tax collector, which, as explained above, falls within the ambit of a challenge to the tax sale on the basis of a redemption nullity. As such, La. R.S. 47:2287 [footnote omitted], entitled *Time in Which to File an Action for Nullity; Defenses*, clearly pronounces its applicability to this type of nullity and allows that when a property owner is duly notified of the tax sale over five years from the recordation of the sale, that person has sixty days to bring a redemption nullity action. Moreover, La. R.S. 47:2287(C) sets forth that:
>
> > When a nullity is asserted as a reconventional demand in a quiet title action or as an intervention in a quiet title action or monition proceeding, the nullity shall be asserted within the time specified for a reconventional demand or intervention in the action or proceeding.
>
> Louisiana Code of Civil Procedure Article 1031 explains that a reconventional demand is defined as an incidental demand.[9] Louisiana Code of Civil Procedure article 1041 then directs that:
>
> > An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third[-]party defendant within ninety days from service of process of the third[-]party demand.
>
> It is a well-settled tenet that "[t]he starting point in the interpretation of any statute is the language of the statute itself." *Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, [20]22-

---

[9] Specifically, La. C.C.P. art. 1031(B) provides:

Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.

0620, p. 6 (La. App. 4 Cir. 3/6/23), 358 So.3d 1030, 1034 (quoting *Lepine v. Dep't of Wildlife & Fisheries*, [20]22-0160, p. 5 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 992). Additionally, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. *See also Sebble*, [20]22-0620, p. 6, 358 So.3d at 1035. Furthermore, even assuming *arguendo* that La. R.S. 47:2266 is applicable to a nullity action filed as a reconventional demand— Subsection B only references <u>an answer</u>—it is apparent that La. R.S. 47:2287 is the more specific statute to the scenario presented to us in the case *sub judice*. "As a general rule of statutory construction, a specific statute controls over a broader, more general statute." *Treas v. Koerner*, [20]20-0050, p. 8 (La. App. 4 Cir. 7/15/20), 364 So.3d 285, 290 (citing *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, [20]15-0064, p. 17 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 761). "Accordingly, where two statutes deal with the same subject matter, in the event of a conflict, the specific statute prevails over the statute more general in nature." *Id.* (citing *Channelside*, [20]15-0064, pp. 17-18, 194 So.3d at 761)

. . .

We find that La. R.S. 47:2287, which specifically outlines the time in which to file a nullity action, is clear and unambiguous, and there is no apparent conflict between it and La. R.S. 47:2266. From our plain reading of the applicable statutes, we conclude that Ms. Sholes had ninety days from the date of service of the petition in order to file a petition for a redemption nullity by way of a reconventional demand—i.e., until April 25, 2023. Ms. Sholes' reconventional demand was filed on March 23, 2023. Accordingly, we find that Ms. Sholes' action to annul the tax sale was neither preempted nor prescribed when she filed it.[10]

*Sholes*, 2024-0552, pp. 8-9, 11-13, 2025 WL 999957, at *4-5, 6 (emphasis in original).[11]

---

[10] *See* Peter S. Title, Louisiana Real Estate Transactions in 2 Louisiana Practice Series § 17:11 (2d ed. 2024):

[T]he revision of the law of tax sales effective January 1, 2009[,] contains a specific provision that the three-year redemptive period is peremptive but does not contain a similar provision that the five-year period to annul a tax sale is peremptive. With respect to annulment of tax sales, the 2009 revision of the law of tax sales does not contain a statement that the five-year period is peremptive, and in fact, in La. [R.S.] 47:2266(B), refers to tax titles having been quieted by "prescription of five years" under the Article VII, Section 25 of the Louisiana Constitution of 1974 and provides that the failure to bring suit to quiet a tax title "shall in no manner affect such prescriptive titles."

Similar to *Sholes*, here, Defendant filed a reconventional demand seeking to annul the tax sale on the grounds that she did not receive the requisite notice. As such, Defendant's action to annul is based on a redemptive nullity and thus under *Sholes* subject to La. R.S. 47:2287, not the ten-day period set forth in La. R.S. 47:2266(B).

Defendant was served on January 7, 2024. Defendant filed her reconventional demand asserting a redemption nullity on February 21, 2024, forty-five days after service of the petition. Defendant was within the sixty-day period to annul the tax sale under La. R.S. 47:2287(A) and the ninety-day period to file a reconventional demand outlined in *Sholes*. Accordingly, the trial court erred in granting the exception of peremption based on the ten-day time limitation in La. R.S. 47:2266(B). The trial court's judgment is reversed.

Frivolous Appeal

---

[11] The *Sholes* Court also distinguished *NAR Sols., Inc. v. Kuhn,* 2022-00425 (La. 12/9/22), 354 So.3d 1176, which Plaintiff also relies on in the instant case to show that Defendant's nullity action was perempted. The Court stated:

> In support of its reading of La. R.S. 47:2266(B), IPF22 cites to *NAR Solutions, Inc. v. Kuhn* for the proposition that a failure to take action within the prescribed time period to annul the tax sale is determinative. 22-00425, p. 3 (La. 12/9/22), 354 So.3d 1176, 1178. While that premise may be true, we find the case itself to be easily distinguishable from the facts before us. In *NAR Solutions*, the defendant property owner was personally served with the petition to quiet title a little less than four and a half years after the tax sale certificate was recorded. The defendant filed no pleadings in response and ultimately title was quieted through a default judgment. The Supreme Court's only reference to La. R.S. 47:2266 was to quote from Subsection A, wherein it states that "[i]f no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein." *Id*., p. 4, 354 So.3d at 1178. Thus, that case is completely inapposite to the applicability of La. R.S. 47:2266(B) in the instant matter.

*Sholes*, 2024-0552, p. 12, 2025 WL 999957, at *6. We likewise find *NAR Solutions* inapplicable to the present case.

13

This Court in *In re Precept Credit Opportunities Fund, L.P.*, 2021-0428, pp. 9-10 (La. App. 4 Cir. 1/19/22), 366 So.3d 409, 415-16, summarized the law on awarding frivolous appeal damages, as follows:

> Frivolous appeal damages are authorized, in an appropriate case, by statute; La. C.C.P. art. 2164 provides that "[t]he court may award damages, including attorney fees, for frivolous appeal." *See also* Uniform Rules - Courts of Appeal, Rule 2-19 (providing that "[t]he court may award damages for frivolous appeal in civil cases as provided by law"). But, the statute authorizing frivolous appeal damages must be strictly construed in the appellant's favor given that it is penal in nature. *Sullivan v. Malta Park*, [20]16-0875, pp. 5-6 (La. App. 4 Cir. 1/31/17), 215 So.3d 705, 709 (quoting *Hunter v. Maximum Grp. Behavioral Servs., Inc.*, [20]10-0930, p. 6 (La. App. 4 Cir. 3/16/11), 61 So.3d 735, 739).

> Likewise, the jurisprudence has imposed a strict standard for awarding frivolous appeal damages, which this court summarized as follows:

>> Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted.... [A]n appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates. However, this court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process.

>> Damages for a frivolous appeal will be awarded if the appellant is attempting to delay the action, if the appellant does not believe what he is advocating, or if the appeal presents no substantial legal question. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.

> *Alexander v. La. State Bd. of Private Investigator Examiners*, [20]19-0778, p. 20 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1256-57 [].

> Although a successful appeal is not a frivolous appeal by definition, an unsuccessful appeal is not necessarily a frivolous appeal. *Miralda v. Gonzalez*, [20]14-0888, [p.] 33 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019. Indeed, "[t]he slightest justification for an appeal precludes damages for a frivolous appeal." *Collins v.*

14

*Franciscan Missionaries of Our Lady Health System, Inc.*, [20]19-0577, p. 11 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 198 []. Only when an appeal is "unquestionably frivolous" is an award of frivolous appeal damages appropriate. *Hampton v. Greenfield*, 618 So.2d 859, 862 (La. 1993).

Plaintiff requests frivolous appeal damages in brief and admits that he did not file an answer to the appeal.

"Although La. C.C.P. art. 2164 and Rule 2–19 provide for damages for frivolous appeals, such damages are not proper when the party seeking them fails to either appeal or answer the appeal." *Williams v. City of New Orleans*, 2015-0769, pp. 10-11, 193 So.3d at 259, 267 (quoting *Dugas v. Thompson*, 2011-0178, p. 15 (La. App. 4 Cir. 6/29/11), 71 So.3d 1059, 1068, and citing La. C.C.P. art. 2133).

La. C.C.P. art. 2133 (A) states that "[a]n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later."

This Court in *Coxe Prop. Mgmt. & Leasing v. Woods*, 2009-1729, pp. 5-6 (La. App. 4 Cir. 8/11/10), 46 So.3d 258, 261-62, found that it was without jurisdiction to consider a request for damages for a frivolous appeal in absence of an appeal or a timely answer to an appeal.

Likewise, in *Morales v. Off. of Inspector Gen.*, 2022-0216, pp 16-17 (La. App. 4 Cir. 10/5/22), 366 So.3d 526, 539-40, this Court denied a request for frivolous appeal damages where it was merely asserted in the appellee brief.

> In its appellee brief, the OIG requests frivolous appeal damages. *See* La. C.C.P. art. 2164. But the proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross-appeal. A*n Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, [20]16-1011, p. 17 (La. App. 4 Cir. 3/30/17), 216 So.3d 833, 844 (internal citations omitted). "[A]n appellee cannot recover damages for taking a frivolous appeal if the damages are first requested in the appellee's brief." *Id.* (quoting Roger A. Stetter, LA. PRAC. CIV. APP. § 11:18 (2016)). Since the OIG failed to assert a frivolous appeal damage claim in either an answer to the appeal or a cross-appeal, we decline to address it. *See Armstrong Airport Concessions v. K–Squared Rest., LLC,* [20]15-0375, pp. 18-19 (La. App. 4 Cir. 10/28/15), 178 So.3d 1094, 1106; *Kirby v. Poydras Ctr., LLC*, 15-0027, 15-391, p. 13 (La. App. 4 Cir. 9/23/15), 176 So.3d 601, 608; *Carroll v. Department of Police*, [20]06-0726, p. 5 (La. App. 4 Cir. 11/21/06), 946 So.2d 674, 677; *Eckhardt v. Reveley*, [20]04-0288, pp. 4-5 (La. App. 4 Cir. 7/21/04), 881 So.2d 128, 131. Accordingly, the OIG's request for frivolous appeal damages is denied.

*Id.*

Nevertheless, Plaintiff contends it is entitled to frivolous appeal damages, citing *Blanchet v. Boudreaux,* 2015-60, pp. 13-14 (La. App. 3 Cir. 8/19/15), 175 So.3d 460, 468-69, which awarded frivolous appeal damages, when it was requested in the appellee's brief. *See also Nesbitt v. Nesbitt,* 46,514, p. 9 (La. App. 2 Cir. 9/21/11), 79 So.3d 347, 353 ("[a]lthough an appeal or answer to the appeal is required for appellate review and modification of the trial court's award of damages, the issue of frivolous appeal first arises at the appellate court level and therefore may be adjudicated and remedied by this court").

However, even if this Court could consider a request for damages asserted in Plaintiff's brief, Defendant's appeal is not unquestionably frivolous. There is no evidence that Defendant filed this appeal in bad faith or for delay purposes. Plaintiff's request for damages is therefore denied. *See Alexander v. Louisiana State Bd. of Priv. Investigator Examiners*, 2019-0778, p. 20 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1257 ("[d]amages for frivolous appeal are properly

awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes").

**DECREE**

For the foregoing reasons, we reverse the trial court's June 25, 2024 judgment granting the exception peremption based on La. R.S. 47:2266(B) and remand the matter for further proceedings. Additionally, Plaintiff's request for frivolous appeal damages is denied.

**REVERSED AND REMANDED**